**In re Rose Yvonne HOCKADAY, Debtor.**

**Bankruptcy No. 80–00251–M.**

United States Bankruptcy Court,
S. D. California.

March 19, 1980.

Harry W. Heid, San Diego, Cal., for trustee.

George Ritner, San Diego, Cal., for debtor.

HERBERT KATZ, Bankruptcy Judge.

The debtor's plan, filed with her Petition for Relief under Chapter 13 on February 5, 1980, proposes to pay the trustee $140.00 per month to be disbursed by him as follows:

1. To Wells Fargo Bank    $3,825.00 at $85.00/mo.
    on a 1978 Pontiac car

2. To McMahan's Furniture    700.00 at $15.00/mo.
    These two creditors will
    receive 10% interest.

The balance of the payment is to be paid to unsecured creditors filing claims, until a 1% dividend has been paid to them.

The debtor's scheduled unsecured creditors, including the unsecured portions of the claims of the above mentioned secured creditors, totals $6,202.00. Hence the plan proposes to pay to those claimants $62.02.

If all creditors file claims, it is estimated that the plan should complete in about 49 months.

If attorney's fees have not been paid in full, payment thereof could extend the plan beyond that time.

In order to accomplish her goal, the debtor proposes to submit 17% of her net monthly income to the plan.

In order to confirm a Chapter 13 Plan, the court is obliged to make an independent judgment on whether all of the elements for confirmation set forth in § 1325(a) have been satisfied. *In re Lucas,* 3 B.R. 252, Katz, Judge, So. Dist. Cal. No. 80–0007–P, (unreported).

Among those elements which must be satisfied before a plan can be confirmed is that the debtor has the ability to make *all* payments under the plan and comply therewith. [§ 1325(a)(6) emphasis added].

Briefly stated that is the feasibility test as applied under the Bankruptcy Act and requires a court to be satisfied that the debtor has, not only the present ability, but the future ability to comply with the proposed plan.

In order to be satisfied that this very important element can be met, a thorough review of the debtor's financial picture is required. *In re Lucas,* op. cit.

In this case, the debtors net income is $810.00 per month. Her budget indicates that she requires $660.00 of that amount to support herself and a 5 year old daughter. After making her $140.00 per month payment to the trustee, she is left with a $10.00 cushion to cover any emergency not budgeted for.

The debtor has not budgeted any sums for medical expenses for herself or her

child. This is totally unrealistic. Even an occasional visit to a doctor will put enough of a dent in her budget to prevent her from making the monthly payment to the trustee. In addition, the amounts budgeted for utilities ($15.00 mo) and phone ($7.00 mo) appears unreasonably low.

As I indicated earlier, this plan is approximately a 49 month plan. According to § 1322(c) a plan may not, in the absence of court approval for cause shown, extend beyond three years. Subjecting this debtor to a plan of the length proposed at the amounts set forth seems to me to be against her best interests. I am convinced that she can pay no more than offered. In fact I am convinced she cannot pay that amount reasonably.

The purposes of Chapter 13 were to allow the debtor to solve creditor problems by either an extension or composition plan provided that the debtor was able to continue providing the necessities of life to himself and his family. I cannot see anything in the Bankruptcy Code which has changed that purpose and goal.

Some debtors, unfortunately do not have the wherewithal to attempt a resolution of their creditor problems and still be able to maintain the necessities of life. This is unfortunately one of those cases.

Chapter 13 is a debtor's relief chapter. But such relief ought not be granted at the expense of the debtor's ability to maintain the bare necessities of life.

I have therefore concluded that this plan cannot be confirmed because the debtor has not satisfied the provisions of § 1325(a)(6) and § 1322(c).

Pursuant to FRCP 52 this Opinion shall constitute the Findings of Fact and Conclusion of Law herein.