In re Anthony David POLLASKY and Susan Michalene Pollasky, Debtors.

Bankruptcy No. 80 B 04340 K.

United States Bankruptcy Court, D. Colorado.

Dec. 17, 1980.

Andrea S. Berger, Denver, Colo., for debtors.

Garry R. Appel, Denver, Colo., for Percy Wilson Mortgage & Finance Co.

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

GLEN E. KELLER, Jr., Bankruptcy Judge.

This case came before the Court for hearing upon confirmation of the Debtors' Chapter 13 plan. The plan as originally proposed provided for monthly payments in the amount of $200.00 to the Trustee, which funds were to be used to pay priority expenses and certain secured claims. Particularly important in the framework of the plan was the curing of defaults to Percy Wilson Mortgage & Finance Co. (Wilson), which held a first security interest in the Debtors' residence. The plan proposes to make payments on the arrearage at the same time as payments are made to the other secured claims, although in open court the Debtors moved to amend the plan to provide for a priority of payment upon the curing of the default. The Debtors also moved in open court to increase the monthly payment into the plan to $400.00.

As originally proposed, the plan would have required more than 60 months to be consummated and as amended, approximately 26 months will be required. The Debtors' budget as set forth in the Chapter 13 statement shows that the Debtors have

monthly income of $1,800.00 and necessary monthly expenses of $953.00, leaving discretionary income of $847.00. The budget contemplates payment in full each month of the Wilson mortgage payment.

The Wilson mortgage arose in late 1979, and the first installment was due in December of 1979. It was made when due, but no payments have been made since that time. In addition, the evidence is clear that since the filing of the within case, the Debtors have not accumulated sufficient reserves to pay the monthly installments which came due after the case was filed. The prepetition arrearage slightly exceeds $7,000.00, and taking the proposal of the plan at its most favorable to Wilson and to the Debtors, approximately 24 months will be required to cure the default. At issue, then, is whether the plan complies with 11 U.S.C. § 1322(b)(5), which provides:

> Subject to subsections (a) and (c) of this section, the plan may—notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.[1]

If compliance with that Section is achieved, the confirmation standards set forth in 11 U.S.C. § 1325(a)(1) are met, and the plan may be confirmed.

The key to the Court's consideration is whether the time proposed for cure by the Debtors is a "reasonable" time within the context of the statutory provision for curing default. The Court must weigh the necessity of the asset in an effective rehabilitation of the Debtors, the availability of the Debtors' discretionary income to cure a default, the amount of the default, and the time over which it has accrued compared to the time within which it is intended to cure. The Debtors must also demonstrate the ability to meet the obligations of the plan, as well as continue current payments on these installment obligations.

The evidence in this case clearly indicates that something in the Debtors' planning and proposal is askew. The Chapter 13 petition was filed October 3, 1980. Since that time, the Wilson mortgage has had two installments due, and a third comes due shortly. Each monthly installment is $530.00, and the Debtors have been able to accumulate savings toward the payment of the installments arising since the filing of the petition in the amount of about $1,000.00. It does not appear that the Debtors will be able, therefore, to make the December payment when due if the two installments previously due are paid. In addition to that, the Debtors have not accumulated any amount in excess of the mortgage payment, indicating the Debtors' inability to service the $400–a–month plan payments as required. By the same token, the plan shows excess income above the necessary house payments and other necessary expenses of over $800.00. This money could have been preserved for the benefit of creditors.

A reasonable time as used in § 1322(b)(5) is simply the most expeditious time, consistent with true rehabilitation, within which the debtor can cure defaults. The primary residence of the debtor is, of course, an asset necessary to rehabilitation. It does not appear here that a strong effort is being made to cure. Debtors' counsel expressed the view in argument that "reasonable time" did not require that the Debtors devote all discretionary income to the effort to cure. That may be true, but here the emphasis is to stretch out the cure period as long as possible and not to shorten it to a maximum degree. No effort has been made in the testimony to show the reasonableness of the time. It should be noted as well that the testimony could be construed to indicate that the Debtors are too optimistic about high income and low expense.

---

1. 11 U.S.C. § 1322(b) provides:

   Subject to subsections (a) and (c) of this section, the plan may—modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims.

772

Under that interpretation, the plan is simply not feasible. Only straightforward, honest budget figures can lead to plan proposal and confirmation. The conclusion is inescapable that confirmation must be denied.

The Standing Chapter 13 Trustee has moved for dismissal of the case upon failure of confirmation, and it appears to the Court that dismissal is appropriate. Now, therefore, it is

ORDERED that confirmation of the within plan be and the same is hereby denied.

FURTHER ORDERED that the within case be and the same hereby is dismissed pursuant to the provisions of 11 U.S.C. § 1307.

FURTHER ORDERED that there having been no administration herein, and the Standing Trustee under Chapter 13 having no accounting to make, the Standing Trustee be and she hereby is discharged, and she and her sureties are released from further liability herein.

FURTHER ORDERED that the Clerk shall close the file herein.