**In re Edward Lee PRICE, Debtor.**

**Bankruptcy No. 3–80–02564.**

United States Bankruptcy Court,
W. D. Kentucky.

July 13, 1981.

G. William Brown, Louisville, Ky., trustee.

David Cantor, Louisville, Ky., for debtor.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This matter comes before the Court on motion of the debtor, by counsel, to extend his proposed plan for a period of five (5) years pursuant to § 1322(c) of the Bankruptcy Code, 11 U.S.C. § 1322(c), which provides that "... [t]he plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years." The trustee has recommended against confirmation of the plan as filed, extending for five years.

On or about August 29, 1980, Edward Lee Price filed a voluntary petition in bankruptcy pursuant to Chapter 13 of Title 11, United States Code. The meeting of creditors was held on October 30, 1980, at which the debtor, his counsel, the trustee and a creditor, TPM Constructors, Inc., were present.

The plan proposed by the debtor contains the following provisions: payments into the plan by the debtor in the sum of $50.00 per week to extend for a period of 260 weeks or a total of five years; all priority creditors are to be paid in full; all secured creditors are to be paid in full according to the valuation of the security plus 5% of any portion deemed unsecured; unsecured creditors are to receive 5% of the proven amount of their claims; the claim of TMP Constructors, Inc., is contested but should judgment subsequently be entered, this creditor would receive 5% of the judgment amount.

Based on claims filed and listed, there are approximately $7,800.00 in secured and priority claims to be paid under the plan and approximately $43,000.00 in unsecured claims which will be paid 5% under the plan. The full amount of the asserted claim of TPM is $50,241.00. After the amount owing on this claim is determined, the creditor is to be paid 5% of the amount in full satisfaction.

On September 17, 1980, counsel for the debtor filed a motion to extend the period of the plan to a five year duration. The trustee recommends against confirmation of the proposed plan, asserting that insufficient cause has been shown to enable the Court to extend the plan to a five year period.

The provisions of § 1322(c) of the Bankruptcy Code state:

"The plan may not provide for payments over a period that is longer than three years unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years." 11 U.S.C. § 1322(c).

The rationale underlying the enactment of this time restriction on Chapter 13 plans is expressed in the House Judiciary Committee report:

"On the other hand in certain areas of the country inadequate supervision of debtors attempting to perform under the wage earner plans have (sic) made them a way of life for certain debtors. Extensions on plans, new cases, and newly incurred debts put some debtors under court supervised repayment plans for seven (7) to ten (10) years. This has become

the closest thing there is to involuntary servitude..." H.R.Rep.No. 595, 95th Cong., 1st Sess. 117 (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 6078.

 It seems clear that the Congressional intent was to avoid imposition of long term repayment plans on debtors, and, concomitantly, necessarily avoid the extreme delays in dividend payments to creditors in such lengthy plans. The definition of "for cause" used in § 1322(c) of the Bankruptcy Code is left to judicial discretion, to be decided on a case by case basis. It may be appropriate to consider confirmation of a plan where payments are proposed to last more than three years when that plan is an extension plan (100%), or a composition plan with a substantial dividend (70%).

It is clear from the legislative history of Chapter 13 that Congress contemplated that the Chapter 13 remedy was to be used as a vehicle for payment of meaningful, and perhaps substantial, dividends to creditors. The testimony before congressional committees considering the then proposed bankruptcy legislation characterized composition plans as "partial bankruptcies", and low percentage composition plans as "that is bankruptcy." Hearings of the House Subcommittee on Civil and Constitutional Rights of the House Judiciary Committee on H.R. 31 and H.R. 32, 94th Cong., 1st and 2nd Sess. 1435 (1975–1976).

Congress acted on that intention and actually provided some additional benefit to debtors who proposed and completed at least a 70% plan. The discharge provisions of Chapter 7 of the Bankruptcy Code allow for the granting of a Chapter 7 discharge even if there had been a Chapter 13 discharge in certain cases, but only if the Chapter 13 case paid a 100% dividend, or at least a 70% dividend with other conditions attached. 11 U.S.C. § 727(a)(9).

Thus, it is not inconsistent with legislative intent to find that Congress used the term "for cause" in § 1322(c) for a reason, that reason being to allow and encourage longer plans only where necessary to pay a substantial dividend to creditors.

In the instant case, the maximum pay-out to unsecured creditors is 5%, even with the plan extended to five years. Thus, by extending the plan the unsecured creditors would realize no increase in dividends.

The sole reason presented to the Court for extension of the time period is that it "would give the debtor a better change to rehabilitate himself." The plan proposed by this debtor calls for payments over a five year period. Congress, while not specifically defining "for cause" as used in § 1322(c) of the Bankruptcy Code, clearly intended that plans proposing to last more than three years have some special supporting reason. In the context of this case no such reason has been put forth.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that confirmation of the proposed Chapter 13 plan be and is denied.