**In re Karean HAILEY, Debtor.**

**Bankruptcy No. 81–01950–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

Jan. 7, 1982.

Bernard Rappaport, Miami, Fla., for debtor.

Robert Roth, Miami, Fla., trustee.

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 13 debtor is $1,580 in arrears on the first mortgage on her home, $1,140 in arrears on the second mortgage on her home and is $927 in arrears on the first mortgage on an investment duplex which she owns, but does not occupy. In addition, she owes one unsecured creditor $300.

Her plan is to maintain all current payments and cure the defaults on her home mortgages within the next 13 months. She then plans to cure the default on her investment property during the following eight months. Finally, she proposes to pay her unsecured creditor over a five month period beginning 20 months from now and ending some time in 1984.

She no longer holds the position she held when she filed this petition and presented her plan. She had held that position for one month. Her budget and her plan are based upon the continuation of the income she received when the petition was filed together with child support and rental income from the duplex, which together represent a third of her total income. She is supporting two children, one of which is in an institution.

I cannot confirm this plan because it does not comply with 11 U.S.C. § 1325(a)(6). It would be totally unrealistic to assume that this debtor will be able to perform the plan she has presented.

Additionally, I do not consider that the proposal to cure the defaults on her three mortgages complies with the requirement of § 1322(b)(5), which permits provisions in the plan which:

"... provide for the curing of any default within a reasonable time ...".

I do not consider it reasonable to cure a default over a period greater than 12 months in mortgages such as the ones we have here. I consider that a reasonable time would ordinarily be between three and six months, and perhaps in extraordinary circumstances, nine or twelve months. This plan exceeds those maximum limits and, therefore, does not comply with the provisions of chapter 13. Accordingly, confirmation must also be denied under § 1325(a)(1).

No purpose would be served by granting this debtor additional time to file another plan or a modification of this plan in view of the foregoing conclusions. This debtor has advised the court that she does not request conversion of this case to chapter 7. I find, therefore, that it would be in the best interest of creditors and the debtor to dismiss this case pursuant to § 1307(c)(4). Accordingly, this case is dismissed.