**In the Matter of Vernessa D. DOCKERY, Debtor.**

**In the Matter of Charles BROWN, III, Debtor.**

**Bankruptcy Nos. 83–01626–G, 83–01907–G.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Nov. 3, 1983.

William D. Hunter, Detroit, Mich., for Dockery.

Jay Kalish, Southfield, Mich., for Brown.

W. Stanley Fambrough, Detroit, Mich., for First Federal of Michigan.

## MEMORANDUM OPINION AND ORDER

RAY REYNOLDS GRAVES, Bankruptcy Judge.

### STATEMENT OF THE CASE

These Chapter 13 proceedings have been consolidated for the purposes of this opinion by agreement of the parties because of similarities in their factual backgrounds and the legal issues presented. The objections of the secured creditor, mortgagee of the debtors, are overruled and the Chapter 13 plans are confirmed.

These cases came before the Court on the objection of the secured creditor, mortgagee of the individual debtors. The objecting creditor, First Federal Savings and Loan Association of Michigan, urged the Court to deny confirmation of the proposed Chapter 13 wage-earner plan because, in the creditors view, the plans do not provide for the curing of arrearages on first mortgages within the first twelve months of the proposed plans. Creditor claims that the United States Bankruptcy Code requires that the Court order the curing of arrearages on the debtors' mortgages within the first twelve months of the plan. Creditor also argues that longer than twelve months for curing the pre-petition arrearage on mortgages is an unreasonable period of time which denies the creditor the relief it is entitled to under Chapter 13. Creditor makes the forceful argument that Chapter 13 is not a vehicle for indefinite delay of debtors' responsibility to make reasonable and prompt efforts to cure pre-petition arrearages on home mortgages. The Court agrees with the creditors philosophy of Chapter 13, but finds that Congress gave no specific direction to United States Bankruptcy Courts in resolving the case at bar.

If Congress, in drafting the Code, had intended for pre-petition arrearages on secured indebtedness to be cured within the first twelve months of a Chapter 13 wage-earner plan, Congress should have included such language, clearly and specifically, in the Code. Congress did not fix such a deadline, but instead left the Court to answer this question in its discretion on a case by case basis.

The reasonable time requirement is embodied in section 1322(b)(5) of Title 11 of the United States Code:

The Debtor is permitted to include a provision in the Chapter 13 plan proposing to cure any default and to maintain payments during the pendancy of the Chap-

ter 13 case on any claim, secured or unsecured, on which the last payment is due. The Court must examine this section of the United States Bankruptcy Code in order to determine what authority, if any, exists for this Court mandating that reasonable time means no longer than twelve months for curing the arrearage that has admittedly accumulated on each debtors' home prior to the filing of the Chapter 13 petition.

■ No Chapter 13 plan, including subsequent modifications, may propose payments over a period of more than three years, unless the Court, for cause shown, authorizes the debtor to propose a plan, with modifications, calling for payments extending up to five years. *Mid American Credit Union v. Davis,* 15 B.R. 22 (Bkrtcy.1981). Under this standard a debtor has a minimum of three years and a possible extension to five years in which to cure pre-petition arrearages. The Court has the discretion to find that a cure effected outside of twelve months is reasonable absent a specific prohibition by Congress.

The definition of reasonable time within the meaning of section 1322(b)(5) is not addressed by the Code. Nor does the Code's legislative history provide any guidance on this question. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 429 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 141 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Thus, the determination of what is a reasonable time under section 1322(b)(5) is committed to the discretion of the Bankruptcy Court. *In re King,* 23 B.R. 779 (Bkrtcy.App.1980).

■ As might be expected, the different courts that have addressed the problem have used various techniques to resolve the reasonable time issue. These approaches should be viewed in light of the congressional intent that Chapter 13 plans have minimum mandatory provisions so that flexible repayment plans could be formulated to enable debtors to protect their assets. H.R.Rep. No. 595, 95th Cong. 1st Sess. 117–18 (1977); S.Rep. No. 989, 95th Cong. 2nd Sess. 141 (1978). Courts have specifically rejected an invitation to attempt to attach affirmative meaning to what appears to be an intentionally flexible term. *In re Coleman,* 2 B.R. 348, 350 (Bkrtcy.1980).

The United States Bankruptcy Court in Colorado stated that the following five factors should be examined:

1. The necessity of the asset to an effective rehabilitation of the debtors.
2. The availability of the debtor's discretionary income to cure a default.
3. The amount of the default.
4. The time over which it has accrued compared to the time within which it is intended to cure.
5. The Debtor must also demonstrate the ability to meet the obligations of the plan, as well as continue current payments on installment obligations.

*In re Pollasky,* 7 B.R. 770 (Bkrtcy.1980).

■ In applying the *Pollasky* factors to the case at bar, it is clear that the plans proposed by the respective debtors are reasonable within the meaning of section 1322(b)(5). It is not necessary that the debtors' property be required for the effective rehabilitation of the estate. *In Matter of Garner,* 13 B.R. 799 (Bkrtcy.1981). The parties here do not raise the issue as to the respective debtors' abilities to cure the defaults. The creditor claims that the period of time is too long but does not argue the debtors' ability to go the distance.

In exceptional circumstances bankruptcy courts have held that a period in excess of twelve months for curing pre-petition arrearages is unreasonable. Judge Thomas C. Britton, writing for the United States Bankruptcy Court for the Southern District of Florida, denied the confirmation of debtor's Chapter 13 plan, *In re Hailey,* 17 B.R. 167 (Bkrtcy.1982) and held:

> I do not consider it reasonable to cure a default over a period greater than 12 months in mortgages such as the ones we have here. I consider that a reasonable time would ordinarily be between three and six months, and perhaps in extraordinary cases, nine or twelve months.

*In re Hailey, Supra.,* 168.

Judge Britton also acknowledged in *Hailey* that the debtor was in arrears on three

mortgages and had recently loss her job. *Hailey,* 168. He found that income was insufficient to fund the proposed plan. Thus, Judge Britton's opinion turned not only on the issue of reasonable time but also the possibility of successful completion of the proposed Chapter 13 plan.

This Court agrees with Judge Britton's analysis that a totally unrealistic Chapter 13 plan should not be confirmed. This Court does not read Judge Britton as setting a national standard of a mandatory maximum of twelve months for curing prepetition arrearages. A plan proposed in good faith, realistically capable of being completed under its terms and conditions, and meeting all other provisions of Title 11 must be confirmed by the Court. 11 U.S.C. § 1325(a). This Court is without authority to enter the legislative thicket and write into the United States Bankruptcy Code provisions not clearly set forth by the Congress of the United States. *In re Albert Allard,* D.C., 23 B.R. 517, 518 (1982).

This Court finds that the creditors' objections to confirmation of the debtors' plan invite this Court to write additional legislation which this Court has no authority to do. The objections are overruled and the plans are confirmed.

IT IS SO ORDERED.