James M. McCord, Columbus, Ohio, for debtor.

Randal D. Robinson, Columbus, Ohio, for Edward Miller.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

**In re Barbara A. MILLER, Debtor.**

**Bankruptcy No. 2–85–00498.**

**SSAN: 889–30–2554.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Sept. 25, 1985.

### ORDER DENYING CONFIRMATION

GRADY L. PETTIGREW, Bankruptcy Judge.

This matter is before the Court on the objection to confirmation of the debtor's Chapter 13 Plan by Edward Miller, a creditor who has a security interest in real property which is the debtor's principal residence. For the reasons set out below, the Court sustains the objection.

#### Findings of Fact

Barbara A. Miller, the debtor, and Edward Miller received a divorce by decree of the Franklin County Court of Common Pleas, Domestic Division, on October 3, 1979. The decree ordered the debtor to

deliver to Mr. Miller a quit claim deed of her right, title and interest in real property located at 5400 Wendover Drive, Columbus, Ohio. This was in exchange for payment of $10,000.00 from him.

Mr. Miller resided at the property until approximately late November, 1981, when he deeded the property to Ms. Miller. In return, she agreed to sell the property and to pay him $10,000.00 plus 7% interest per annum upon the sale. Ms. Miller executed and delivered to Mr. Miller a mortgage and note for $10,000.00 dated November 21, 1981. Mr. Miller recorded the mortgage on December 10, 1981. Ms. Miller was not aware of the condition of the property at the time of this new agreement and conveyance. The uncontroverted testimony was that the home was in an uninhabitable condition at the time Ms. Miller took possession of the property. Ms. Miller testified that she spent $7,400.00 to rehabilitate the property.

Ms. Miller has listed the property for sale for the past three years. However, because she did not sell it or pay Mr. Miller as agreed, the Domestic Court ordered the real property sold by the Sheriff of Franklin County. The sale was scheduled for February 22, 1985. Ms. Miller filed her petition for relief under Chapter 13 of the Bankruptcy Code on February 22, 1985, prior to the sale. Pursuant to 11 U.S.C. § 362(a), the petition operated as an automatic stay against the continuation of the sale.

In her Chapter 13 Plan, Ms. Miller proposes to pay Mr. Miller $10,000.00 at 7% interest over a period of 60 months. Mr. Miller, a fully secured creditor, objects to confirmation of the Plan because it provides different treatment for claims within a particular class contrary to 11 U.S.C. § 1322(a)(3) and because it modifies his rights contrary to § 1322(b)(2). There is a first mortgage on the real property for $17,801.26, which the debtor proposes to pay outside the Plan. There is no arrearage existing on the mortgage. The debtor lists the present market value of the real property as $52,000.00 in Section 14(a) of her Chapter 13 statement.

## Conclusions of Law

There is an emerging body of case law which analyzes the scope and meaning of 11 U.S.C. § 1322(b)(2). *See In re Taddeo*, 685 F.2d 24 (2d Cir.1982); *Grubb v. Houston First Amer. Sav. Ass'n.*, 730 F.2d 236 (5th Cir.1984); *In re Glenn*, 760 F.2d 1428 (6th Cir.1985); *In re Clark*, 738 F.2d 869 (7th Cir.1984); *In re Seidel*, 752 F.2d 1382 (9th Cir.1985). Clearly, the Courts interpret § 1322(b) as permitting a Chapter 13 debtor to cure a default on a home mortgage after acceleration by the mortgagee.

However, the instant case does not factually represent the conventional mortgage default and remedial Chapter 13 plan. Here, the debtor has two debts, each fully secured by an interest in real property which is the debtor's principal residence, which the debtor is classifying and treating differently. The debtor is not attempting to exercise curative powers under § 1322(b), rather the debtor is impermissibly modifying the secured claim. The debtor's Chapter 13 Plan does not propose to sell or to refinance the subject real estate as a permissible means of satisfying the claim. The debtor offers to purchase the claim within the 60 month time frame of the Plan. However, this Court determines that, under the circumstances, this is not a reasonable time. *In re Sapp*, 11 B.R. 188, 190 (Bky.S.D.Ohio 1981); *In re Dockery*, 34 B.R. 95, 97 (Bky.E.D.Mich.1983); *In re King*, 23 B.R. 779, 781 (Bky.App. 9th Cir. 1982). Additionally, the debtor has not exercised her right to object to the claim and thereby to offset her repair costs against the claim. For the reasons stated above, the Court DENIES confirmation of the within Chapter 13 case.

The debtor is given twenty (20) days from the date of this order within which to seek confirmation of a Plan which complies with the provisions of Chapter 13 of the Bankruptcy Code. If debtor fails to pursue presenting a Plan which can be confirmed by this Court, the within case will be dismissed for want of prosecution, after the

twenty (20) days granted above have expired.

Administrative expenses incurred by the Chapter 13 Trustee in the sum of $27.50 shall be paid by the debtor to the Chapter 13 Trustee within twenty (20) days from the date of this order. No proposed revision to the Plan or pleading in response to this order will be heard by the Court unless there is proof that the provisions of this paragraph have been satisfied.

IT IS SO ORDERED.