**In re Carl P. (Phillip) FESTA, Debtor.**

Bankruptcy No. 2–86–01990.
SSAN(S): 279–66–8230.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Aug. 12, 1986.

Mitchel D. Cohen, Columbus, Ohio, for debtor.

Frank M. Pees, Chapter 13 Trustee, Worthington, Ohio.

## ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

B.J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the requested confirmation of the Chapter 13 plan proposed by Carl P. Festa (the "Debtor") and upon this Court's independent obligation to find that all requirements for confirmation, as set forth in § 1325(a) of Title 11 United States Code have been met. *In re Hockaday,* 3 B.R. 254 (Bankr.S.D. Col.1980).

The Court notes that the terms of the Debtor's Chapter 13 plan call for payments of $185.00 per month, payment in full of allowed secured and priority unsecured claims and a dividend of 36% for allowed general unsecured claims. The plan, as proposed, will require a period of 60 months for completion.

The issue before the Court is whether the Debtor's plan meets the first test for confirmation set forth in 11 U.S.C. § 1325(a)(1). That section requires that the plan be in compliance with the provisions of Chapter 13 and with other applicable provisions of Title 11 generally. Specifically, compliance is questioned with regard to 11 U.S.C. § 1322(c) which states:

"The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years."

The legislative history relating to § 1322(c), enacted as part of the Bankruptcy Reform Act of 1978, indicates a recognition on the part of Congress that debtors in some districts considered Chapter 13 as a way of life pursuant to which their lives were subject to court supervision and as-

signment of a significant portion of their wages for an unduly lengthy period. Congress was concerned that such subjection could become a form of involuntary servitude and recognized that such lengthy repayment periods were at odds with "the relief and fresh start for the debtor that is the essence of modern bankruptcy law." H.R. No. 595, 95th Cong., 1st Sess. 117 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6078. That fear resulted in a clear directive, through a stated statutory preference, which limited the period for which a debtor could propose a plan to 36 months unless compelling reasons, rising to the level of "cause", could be shown. *In re Greer*, 60 B.R. 547, 14 B.C.D. 588 (Bankr.C.D.Cal.1986). That factual determination of cause was entrusted to the bankruptcy courts, on a case by case basis, based upon the factual context of each case and reflecting the courts' experiences in handling Chapter 13 matters. *In re Poff*, 7 B.R. 15 (Bankr.S.D.Ohio 1980).

The Congressional preference for a 36 month limitation for completion of Chapter 13 plans has been further reinforced by the language of new section 1325(b) as enacted in the Bankruptcy Amendments and Federal Judgeship Act of 1984. Section 1325(b) specifically requires that, upon objection, a Chapter 13 debtor must show that all his "disposable income" is proposed to be contributed to his plan payments for a period of 36 months. No mechanism is included for requiring that commitment for any period in excess of 36 months. The omission of any requirements for payments in excess of a 36 month period is consistent with Congressional adherence to that period as the expected length for an unexceptional Chapter 13 plan.

The reasonableness of the statutory directive set forth in § 1322(c) and reinforced by § 1325(b) is further buttressed by the Court's experience in evaluating the feasibility, practicality and economic reality of long term, relatively low dividend plans. Under such plans the potential for default caused by changed circumstances or added costs of living increases with the lengthened period during which a debtor is under court supervision and is thereby bound to the required rigidity in his family budget. Difficulties of "making do" with aging and depreciating personal property increase as the plan continues, and economic recovery to creditors becomes less and less meaningful as the period prior to distribution increases and the percentage of distribution decreases. At some point, a balance of relevant factors requires denial of confirmation of such plans.

■ Given the Congressional directive and its own experience, this Court finds that, absent compelling and specific cause, a proposed Chapter 13 plan should not be confirmed if its completion is proposed to exceed a period of 36 months. What will constitute sufficiently compelling "cause" to convince this Court to confirm a plan proposed to last between 36 and 60 months must then be developed on a case by case basis.

The Debtor, at the hearing on confirmation of his plan, indicated through his counsel that his desire to increase the dividend paid to his unsecured creditors and the best effort his plan represented was cause to extend the completion of his 36% plan to a period of 60 months.

Although § 1322(c) does not define "cause", and an exhaustive definition has not yet been developed by the courts, case law has held that a debtor's desire to preserve a subsequent discharge pursuant to § 727(a)(7) of the Bankruptcy code by payment of a 100% or 70% dividend to unsecured creditors rises to the level of cause. *In re Price*, 20 B.R. 253 (Bankr.W.D.Ky. 1981). Likewise, the necessity of accommodating certain unanticipated post-confirmation court-approved interruptions in plan payments has been found to be cause. See *In re Greer*, 60 B.R. 574, 14 B.C.D. 588 (Bankr.C.D.Cal.1986). Other compelling reasons, not yet adopted or advanced, may also exist.

■ Whatever "cause" may be, however, a debtor's desire to increase the dividend paid to his general unsecured creditors, without more, does not rise to the required

level for exceeding the prescribed 36 month period. *In re Moss,* 5 B.R. 123 (Bankr.M.D. Tenn.1980); *In re Greer,* 60 B.R. 574, 14 B.C.D. 58, (Bankr.C.D.Cal.1986). Were a Chapter 13 debtor's desire to increase his dividend to unsecured creditors, however commendable, sufficient to permit an extension of his plan for an additional period up to 24 months, such extensions would become routine and would emasculate the statutory preference for 36 month plans. Therefore, this Court adopts the views set forth by the *Moss* and *Greer* courts and finds that a debtor's desire to provide for a legally insignificant increased dividend for allowed unsecured claims, standing alone, is not "cause" to confirm a plan proposed to last in excess of 36 months.

The Debtor has also stated that his proposed payments and dividend represent his "best efforts". This Court does not dispute that assertion, question his motivation, or challenge the validity of his budgeted expenses. However, the provisions of Chapter 13 may not provide a feasible remedy for every debtor's economic problems, and unfortunately, this case appears to present a financial situation which does not fit within the statutory framework of Chapter 13.

Based upon the foregoing, the Court finds that confirmation of the Debtor's proposed Chapter 13 plan should be, and the same is hereby, denied. The Debtor shall have twenty (20) days from the date of this order to take whatever action with respect to this case as may be appropriate. If no such action is taken, the Court shall dismiss this case.

IT IS SO ORDERED.