**In re Darrell C. TATE, Debtor.**

**Bankruptcy No. 2–87–01869.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Dec. 28, 1987.

Grady L. Pettigrew, Jr., Arter & Hadden, Columbus, Ohio, for debtor.

Frank M. Pees, Worthington, Ohio, trustee.

### ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the requested confirmation of a Second Amend-

ed Chapter 13 plan proposed by the debtor in the above-captioned case and upon this Court's independent obligation to find that all requirements set forth in 11 U.S.C. § 1325(a) have been met.

The Court notes that the debtor's plan calls for payments of $300.00 each month for 12 months and $400.00 each month thereafter, payment in full of allowed secured and priority unsecured claims and a dividend of 18% for allowed general unsecured claims. The plan, as proposed, will require a period of 49 months for completion.

■ This Court previously has held that Chapter 13 debtors who propose a plan lasting in excess of 36 months must show cause for such extension consistent with the requirements of 11 U.S.C. § 1322(c). *In re Festa,* 65 B.R. 85 (Bankr.S.D.Ohio 1986). As the concept of cause is a developing one, that determination is made on a case by case basis, subject to establishment by presentation in a confirmation hearing. A debtor's need to exceed 36 months to pay the value of assets which would be liquidated if the case had been filed under Chapter 7 of the Bankruptcy Code has routinely been found to be cause. Likewise, the existence of large unsecured tax debts, the full repayment of which are mandated by 11 U.S.C. § 1322(a)(2), has been held to be cause for proposing a Chapter 13 plan requiring more than 36 months for execution. Classification of a significant co-signed obligation by proposing to repay such obligation in full to protect a family member or a friend has, in appropriate circumstances, been held to be cause pursuant to § 1322(c). Preservation of a subsequent discharge in a Chapter 7 case by proposing and paying a dividend of at least 70% for general unsecured claims is routinely accepted as cause. See 11 U.S.C. § 727(a)(9).

A more difficult area for the establishment of cause has been where redemption of the debtor's assets by payment of secured claims has itself required a period in excess of 36 months. Because such plans often propose a low dividend to general unsecured claimants, payable after an ex-

tended period of payments only to secured or priority unsecured claimants, the Court has examined such plans carefully in light of the appropriateness of the assets proposed to be retained, the accuracy of the values ascribed to such assets, the length of time before any payments will reach general unsecured claimants, the overall economic reality of the proposed dividend and the feasibility of such plans.

The reason given for extension of this plan beyond 36 months, however, is to repay in part a disproportionately large unsecured obligation in the amount of $20,000. Paula Schuman, the creditor to whom that debt is owed, objected to confirmation of an earlier plan and asserted that the obligation would not be dischargeable had this case been filed as a Chapter 7 case. That allegation, of course, has not been shown to be correct. Because of agreements between the debtor and Schuman, that objection was not reasserted.

■ The Court believes that significant repayment of what may be an otherwise nondischargeable unsecured obligation could, in appropriate cases at the Court's discretion, be cause for extending payments in a Chapter 13 plan for longer than 36 months. Such entitlement, however, requires a showing that, without the extension, the debtor could not make the proposed payments and that such payments are economically meaningful. In other words, in a plan proposed to last in excess of 36 months, if the debtor wishes to take advantage of the enhanced discharge available upon completion of the Chapter 13 plan, the payments he proposes must represent a sincere attempt to repay that disadvantaged creditor as much as he is able.

■ According to schedules filed in this case, the debtor has take-home pay every two weeks in the amount of $700.00 or $1,561.00 each month. From that total he has projected expenses of $1,034.00, including $46.00 for a car telephone lease, $40.00 for recreation and $100.00 for clothing. Apparently, he has no dependents. Even if those expenses are accepted at face value, his initial commitment of $300.00 each

month to payments under his plan leaves him with surplus income each month of $227.00. With that amount of unaccountable income each month, the Court cannot find that cause has been shown why this plan should last in excess of 36 months. That finding means that the requirements of 11 U.S.C. § 1322(c), as incorporated into the test for confirmation set forth in 11 U.S.C. § 1325(a)(1), have not been met.

Based upon the foregoing, confirmation of the proposed plan must be, and the same is, hereby, denied. The debtor shall have twenty (20) days from the date of the service of this order to take whatever action with respect to this case as may be appropriate. If no such action is taken, the Court will dismiss this case.

IT IS SO ORDERED.