**In re Christopher Aram KARAYAN, Phyllis Joyce Karayan, Debtors.**

**Bankruptcy No. SAX 87–06453 JR.**

United States Bankruptcy Court, C.D. California.

Feb. 1, 1988.

Shannon J. Haney, Trustee, Santa Ana, Cal.

Ralph E. Garner, San Diego, Cal., for debtors.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

Debtors ask this court to confirm their Chapter 13 plan. The issue is whether debtors have established cause under § 1322(c) of the Bankruptcy Code to extend their plan beyond 36 months. The hearing on confirmation occurred on December 21, 1987 and I took the matter under submission.

### JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L).

## STATEMENT OF FACTS

Debtors filed their Chapter 13 petition and plan on October 22, 1987. The plan provides for payments of $300 per month for 55 months. This would result in a 10% dividend to unsecured creditors. The small payment to unsecured creditors results because tax liabilities of approximately $13,500 (the "taxes") are paid first.

At the meeting of creditors, the Chapter 13 trustee suggested that debtors revise their budget and increase their plan payment to justify extending the plan beyond 36 months. Debtors and their counsel met and reviewed debtors' income and expenses and determined that the budget was tight. The proposed monthly payment, therefore, reflected debtors' best efforts to finance their Chapter 13 plan.

At the confirmation hearing, debtors' attorney explained that the Chapter 13 plan extended beyond 36 months to pay the taxes that could not be satisfied within 36 months. No creditor objected to the plan. The Chapter 13 trustee, however, raised the § 1322(c) issue of cause to extend the plan beyond three years. Because I was uncertain whether the payment of the taxes justified an extension beyond three years, I took the matter under submission.

## DISCUSSION

Section 1322(c) provides: "The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years."

The purpose behind § 1322(c), which is described in the legislative history, is to prevent long term plans creating, out of necessity, hardships for a debtor. By preferring a debtor's "fresh start" over payment to creditors, Congress reinforced the principle objective of modern bankruptcy law: A new beginning for debtors. Congress achieved this purpose by limiting the term of the ordinary and customary Chapter 13 plan to three years. Recognizing the need for some flexibility, however, Congress authorized an extension to five years if debtor showed "cause". As the court in *In re Festa*, 65 B.R. 85 (Bankr.S.D.Ohio 1986), stated:

> Given the Congressional directive and its own experience, this Court finds that, absent compelling and specific cause, a proposed Chapter 13 plan should not be confirmed if its completion is proposed to exceed a period of 36 months. What will constitute sufficiently compelling 'cause' to convince this Court to confirm a plan proposed to last between 36 and 60 months must then be developed on a case by case basis.

*Id.* at 86.

In *In re Greer*, 60 B.R. 547 (Bankr.C.D. Cal.1986), Judge Bufford reviewed three situations in which courts generally find cause for extension. They are: (1) When the debtor proposes to pay 100% of his unsecured debts to enhance his credit rating and eliminate the exception to discharge under § 727(a)(9) of the Bankruptcy Code; (2) when the debtor proposes to pay at least 70% of his unsecured debts to eliminate the applicability of § 727(a)(9); and (3) when the debtor is allowed to suspend post-confirmation plan payments. *Id.* at 555.

Debtors cite three cases to support their position that the plan should be confirmed. They are *In re Raikes*, 22 B.R. 837 (Bankr. D.New Jersey 1982); *In re Todd*, 65 B.R. 249 (Bankr.N.D.Ill.1986); and *In re Goeb*, 675 F.2d 1386 (9th Cir.1982). In *Raikes*, *supra*, the debtor proposed a plan to cure arrearages on mortgages on his home over a 58-month period without any payment to unsecured creditors. The secured creditor objected to the plan because it did not provide for payment to unsecured creditors. The court did not focus on § 1322(c) of the Bankruptcy Code. It applied § 1325(a)(3) and held that a plan need not include payment to unsecured creditors to be filed in good faith and be confirmed.

The *Todd* decision also involved a good faith holding. The court stated that "Where a Chapter 13 plan involves a debt which potentially would be nondischargeable in a Chapter 7, courts have found that to be adequate cause to extend plans beyond three years." 65 B.R. at 252. The

court, however, cited cases in which confirmation was denied because the debtor was unwilling to pay over the full 60 months. The court followed these holdings and held that debtor's primary purpose in proposing the plan was to obtain a discharge of an otherwise nondischargeable debt and this fact along with other factors indicated a lack of good faith. *Id.* at 255. The court said that "While Todd's budget appears to permit no greater outlay of funds each month, his plan could be extended to 60 months if he were truly desirous of making a substantial and meaningful payment of his debt to the extent reasonably within his means." *Id.* at 256. In other words, if debtors want to extend their plans beyond 36 months to satisfy nondischargeable debts, they must pay for the full 60 months or the court will deny confirmation.

The issue in *Goeb* was whether a plan proposing to pay priority debts over 60 months without payment to unsecured creditors was proposed in good faith. The Ninth Circuit reversed the bankruptcy court holding that the plan was not proposed in bad faith simply because unsecured creditors were to receive nothing. The court needs to consider all the facts and circumstances before making this determination.

The Chapter 13 trustee objects to the plan. She argues that *In re Poff,* 7 B.R. 15 (Bankr.S.D.Ohio 1980); *In re Price,* 20 B.R. 253 (Bankr.W.D.Kentucky 1981); and *In re Festa, supra,* support her position that a plan extending beyond 36 months should not be confirmed just to enhance payment to creditors.

*In re Frank,* 69 B.R. 129 (Bankr.C.D.Ill. 1986) supports the trustee's position. In *Frank,* the court stated that:

> The debtors in this case have taken the position that they have shown cause because they are unable to pay anymore than the plan proposes without severe stress to their family. The debtors' best effort is considered under § 1325. The inability to pay more to unsecured creditors because all the disposable income is going to priority creditors, attorney fees,

and costs does not constitute cause for extending the plan beyond three years. *Id.* at 133.

However, the Chapter 13 trustee also cites contrary authority with *In re Fries,* 68 B.R. 676 (Bankr.E.D.Penn.1986). The court in *Fries* confirmed a plan providing for a 20% payment to unsecured creditors over a 60–month period so that arrearages on debtor's residence and priority claims could be paid. The court agreed with *Collier on Bankruptcy* that a need to pay priority or allowed secured claims beyond 36 months should be grounds for approving such a plan. 68 B.R. at 679. Because payment of the priority claims would take 49 months and the debtor was willing to make payment for an additional 11 months to pay a 20% dividend to unsecured creditors, the *Fries* court found cause to confirm the debtor's 60 month plan.

■ Having reviewed the above decisions, I reach the following conclusions: (1) I should not approve a Chapter 13 plan extending beyond 36 months just to increase payments to creditors; (2) I may approve an extended plan if it proposes to pay at least 70% to unsecured creditors; and (3) I may approve an extended plan to allow the debtor to discharge what otherwise would be a nondischargeable debt provided debtor commits all his disposable income pursuant to § 1325(b)(1)(B) of the Bankruptcy Code to the plan.

In the case at hand, debtors have committed all their income that is not reasonably necessary for maintenance and support. They have satisfied, therefore, the "disposable income" requirement of § 1325(b)(1)(B) of the Bankruptcy Code. Having made this commitment, they have proposed a plan in good faith.

■ Debtors seek relief to pay their taxes through their plan. The taxes are a nondischargeable debt under Chapter 7 of the Bankruptcy Code. Debtors have no other option to satisfy their taxes except through a Chapter 13 plan. Section 1322(c) was designed to protect a debtor against extended payouts and assure debtor the opportunity to begin anew. Section 1322(c) should not be used to frustrate a debtor's

good faith attempt to pay his nondischargeable debts. Such a use would hurt rather than help the debtor who is willing to dedicate all his disposable income to satisfy his nondischargeable obligations.

As discussed above, some courts hold that if the plan extends beyond 36 months to satisfy a nondischargeable obligation, it must propose some meaningful payment to unsecured creditors. Otherwise, the plan is filed in bad faith. This reasoning runs counter to Congressional design. Unsecured creditors have the right to expect a debtor to commit all his disposable income to the plan for three years and nothing more. If priority debts absorb plan payments, so be it. See §§ 1325(b)(1)(B) and 1322(c). Any additional expectation by unsecured creditors is neither warranted nor supported by Chapter 13. Courts should not use the issue of plan extension to coerce debtors to do something for unsecured creditors that is not required.

For the above reasons, debtors have established cause under § 1322(c) to extend their plan beyond 36 months. I, accordingly, confirm the plan.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum opinion shall constitute my findings of fact and conclusions of law.