**In Re David N. SCHAFER, Debtor.**

**CITIZENS TRUST & SAVINGS BANK, Plaintiff,**

**v.**

**David N. SCHAFER, Defendant.**

**File No. K88–146 CA4.**
**Bankruptcy No. HK86–02305.**

United States District Court, W.D. Michigan.

Jan. 6, 1989.

Miller, Canfield, Paddock, James Vantine, Jr., and Walsh, Miller, Rayman & Langeland by Steven L. Langeland, Kalamazoo, Mich., for plaintiff.

Edward R. Barton, Allegan, Mich., for defendant.

OPINION

ENSLEN, District Judge.

This matter is before the Court on Citizens Trust & Savings Bank's ("Citizens") appeal from the Bankruptcy Court's November 20, 1987 Order confirming the debtor, David N. Schafer's Chapter 13 Plan. Citizens holds a mortgage secured by approximately 100 acres of pasture land which the debtor uses in his farming operations and which does not constitute his principal residence. The mortgage provided for monthly payments of approximately $1,000.00 with the outstanding principal balance and interest at 2% above the prime rate of interest to be paid in full on or before May 10, 1987.

In 1985, Mr. Schafer filed a petition for relief under Chapter 13 of the Bankruptcy Code. On May 30, 1986, the Bankruptcy Court dismissed that proceeding because the debtor failed to file a confirmable plan with the court. After this proceeding was dismissed, Schafer defaulted on his mortgage and Citizens began foreclosure proceedings. On August 20, 1986, the debtor filed this petition for relief under Chapter 13. Because Mr. Schafer did not also file a list of creditors as required under the Rules of Bankruptcy Procedure, his creditors, including Citizens, were not notified

of the filing until early 1987. On August 21, 1986, Citizens held a foreclosure sale on the property securing its mortgage. Although Citizens received an offer to sell the property at $75,000.00, the sale was not accomplished.

On May 26, 1987, Citizens filed its proof of claim in the amount of $81,226.94. Although the debtor's initial plan valued the property at $54,000.00, the Bankruptcy Court determined the value of the property to be $70,000.00. Transcript if September 2, 1987 Hearing at 66. On March 17, 1987, the debtor filed his Chapter 13 plan which proposed to pay Citizens $35.00 per month with interest at 10% per annum. Citizens filed objections to this plan based on sections 1322 and 1325 of the Bankruptcy Code. On November 7, 1987, the debtor filed his "amended amendment" to the Chapter 13 plan. This amended plan provided for adequate protection payments to Citizens in the amount of $600 per month.

At the November 20, 1987 hearing on the confirmation of the debtor's plan, Citizens interposed four objections to his plan for repaying the mortgage at issue here. First, Citizens objected to the debtor's proposal to fund a portion of his monthly mortgage payments through an assignment to Citizens of a land contract on an adjacent piece of real estate. Second, Citizens objected to the general feasibility of the plan, arguing that the debtor would not have sufficient funds to make the required monthly payments. Third, Citizens objected to the debtor's proposal that payments on the mortgage continue for 20 years at 10% interest. Finally, Citizens objected to the fact that the debtor had proposed amendments to the plan then on file but had not yet filed those amendments.

The Bankruptcy Court confirmed the debtor's plan, contingent upon his filing the amendments referred to above. It allowed Mr. Schafer to pay off the Citizens mortgage over 20 years, with interest at 10.25%. The Court further found that it was permissible for the debtor to fund a portion of his mortgage payments with the payments he would receive on the land contract, since the payments would be made to the debtor, turned over to the trustee and then paid to Citizens. Finally, the Court found that the debtor had sufficient monthly income to make the plan feasible.

In its appeal from the order confirming the plan, Citizens raises three issues. First, whether the Bankruptcy Court could confirm a plan extending a short-term obligation for 20 years. Citizens argues that this aspect of the plan violates 11 U.S.C. § 1322(c), which places five year maximum on Chapter 13 plan payments. Second, whether the Bankruptcy Court could grant the debtor a new mortgage whereby the principal balance due a secured creditor under a real estate mortgage is extended for 20 years and the interest rate is both reduced and fixed. Citizens argues that the Court was without discretion to do so. Third, whether the Bankruptcy Court could confirm a plan which was not filed with it prior to the confirmation hearing. Again, Citizens argues that the Bankruptcy Court's decision to condition confirmation of the plan on the debtor's submission of an amended plan was an abuse of discretion.

Mr. Schafer has filed a cross-appeal, challenging the Bankruptcy Court's approval of Citizens' application of adequate protection payments to reduce the interest and undersecured portion of its claim, rather than using them to reduce the principal amount of the contract indebtedness. Because I conclude that the plan filed by the debtor was not confirmable, I will not reach the issues raised in the cross-appeal.

### Standard of Review

The issues raised in Citizens' appeal are exclusively issues of law. The Bankruptcy Court's conclusions of law are subject to de novo review by this Court. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.1984); *In re Foster*, 61 B.R. 492, 494 (Bankr.N.D.Ind.1986).

### Discussion

The first issue raised by Citizens is whether the Bankruptcy Court erred in extending its mortgage for 20 years at a fixed rate of interest of 10.25%. Citizens

argues that this aspect of the debtor's plan violates 11 U.S.C. § 1322(c), which provides:

> The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

Under this section, a Chapter 13 debtor must propose a plan to repay his creditors within three years of the confirmation date. If the debtor demonstrates "cause," a term undefined by the Code, then the debtor may extend plan payments up to five years. In no event, however, may the plan propose payments extending beyond this five year maximum. *In re Black*, 78 B.R. 840, 842 (Bankr.S.D.Oh.1987) ("the court *may not approve* a period that is longer than five years") (emphasis in original); *In re Festa*, 65 B.R. 85, 86 (Bankr.S.D.Oh.1986); *In re Dockery*, 34 B.R. 95, 97 (Bankr.E.D.Mich. 1983). As the court held in *Dockery*, "No Chapter 13 plan, including subsequent modifications, may propose payments over a period of more than three years, unless the court, for cause shown, authorizes the debtor to propose a plan, with modifications, calling for payments extending up to five years. Under this standard, a debtor has a minimum of three years and a possible extension to five years in which to cure pre-petition arrearages." *Dockery*, 34 B.R. at 97. *See also* 5 *Collier on Bankruptcy* ¶ 1322.15 at 1322–23 (15 ed. 1988) ("No chapter 13 plan may propose payments over a period of more than five years under any circumstances").

■ Section 1322(c) prohibits the Bankruptcy Court from confirming a Chapter 13 plan which provides for payments extending beyond the five year term of the plan. *In re Ramirez*, 62 B.R. 668, 670 (Bankr.S. D.Cal.1986), held that, "Permitting [the debtor] to extend the note maturity dates beyond the plan term ... under the maintenance provisions of § 1322(b)(5) would violate § 1322(c)'s limitations on the length of Chapter 13 plans. ... If [modification of claimholders' rights] extends a repayment period beyond the authorized period of a plan, the modification has, in effect, extended the period of the plan itself...." Thus, while the Bankruptcy Court certainly has authority to modify the provisions of a short-term secured obligation, it may not do so in a way which extends payments beyond the five year life of the plan. In this case, the Bankruptcy Court erred in confirming a plan which provided for payments on a short-term obligation extending beyond the five year maximum term.

■ Nor can the plan be upheld as a cure of a long-term obligation under 11 U.S.C. § 1322(b)(5). This section allows a debtor to "provide for the curing of any default within a reasonable time and maintenance of payments ... on any ... secured claim *on which the last payment is due after the date on which the final payment under the plan is due.*" 11 U.S.C. § 1322(b)(5) (emphasis added). As the court held in *In re Hildebran*, 54 B.R. 585, 587 (Bankr.D.Or.1985), the section does not apply to short-term obligations which would, by their terms, become due before the last plan payment is due.

> ...[T]his subsection does not permit modification of a pre-petition short term obligation into an obligation extending beyond the plan term. Rather, 1322(b)(5) contemplates allowing a chapter 13 plan to cure a default which had occurred on a *pre-petition long term obligation* and then to maintain regular payments on the same obligation as part of the plan even though the payments might, *by the original terms of the note* continue beyond the life of the plan.

*Id.* at 587. As *Hildebran* explains, section 1322(b)(5) allows payments to a creditor to extend beyond the life of the plan only where the original terms of the note provided for repayment over a longer period of time. The note at issue here, however, was a five year mortgage, with a balloon payment due at the end of that time. The note, by its terms, became due on May 10, 1987. This date was before the debtor's plan was even confirmed by the Bankruptcy Court. Section 1322(b)(5) does not sanction extending such a short term debt beyond its terms and beyond the maximum life of a Chapter 13 plan.

The debtor argues that notes on agricultural land typically provide for such balloon payments at the end of a short-term note. When the balloon payments become due, the debtor argues, banks do not expect to receive the balloon payment, but renew the note for another short-term period as a matter of course. The debtor concludes that Citizens would have done the same in Mr. Schafer's situation, had he not filed his Chapter 13 petition and thus, that Citizens got everything it expected to get from the plan. While the debtor may accurately describe the course of business in the agricultural loan industry, his comments cannot alter the terms of the note itself. The note did not obligate Citizens to renew the note at the expiration of its term. Even if the parties contemplated re-financing at the time they executed this note, their express agreement gives Citizens the option to require that the balloon payment be made on the due date. Presumably, this option was left open to allow Citizens to decide whether it wished to extend further credit to Mr. Schafer. This note simply is not a long term obligation within the meaning of § 1322(b)(5). It was error for the Bankruptcy Court to confirm the debtor's plan when that plan proposed extending payments on the note over 20 years.

The Bankruptcy Court apparently confirmed the plan because it found that a 20 year mortgage is a reasonable term and, that the payments proposed under the plan were "only what the debtor can do at this time." Transcript of November 20, 1987 Hearing at 41. While the Bankruptcy Court correctly assessed the debtor's financial capabilities, this does not alter § 1322(c)'s five year limitation on plan payments. The debtor may, indeed, be unable to repay his obligation to Citizens within five years. But this fact, alone, does not give the Bankruptcy Court authority to extend the life of the plan beyond five years. Rather, it indicates that this may not be an appropriate case for Chapter 13 relief. *See, In re Festa,* 65 B.R. 85, 86 (Bankr.S.D. Ohio 1986).

I find, therefore, that the Bankruptcy Curt erred in confirming the debtor's amended plan, because that plan proposed payments on a short-term obligation which extended beyond the five year term of the plan. The matter will, therefore, be remanded to the Bankruptcy Court for further proceedings, to determine whether the debtor can propose a plan capable of confirmation. Given this resolution of Citizens' appeal, I see no need to address the remaining issues raised by the parties. I note, however, my belief that the Court had discretion to condition approval of a plan on the filing of amendments after the confirmation hearing. *See, In re Fleshman,* 82 B.R. 994 (Bankr.W.D.Mo.1987); *In re McConnell,* 60 B.R. 310, 312 (Bankr.W.D. Va.1986).

With regard to the debtor's cross-appeal, I note that Judge Howard made no finding on the reallocation issue raised by the debtor. *See,* A–16. Because I believe that *United Saving Association v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), may indeed require the result advocated by the debtor, I will remand the issue to the Bankruptcy Court for further consideration of this issue, and of whether the issue may be moot in light of the disposition of Citizens' appeal.