**614**

## In re James BURKE–EVANOFF, Debtor.

### Bankruptcy No. 2–90–02075.

United States Bankruptcy Court,
S.D. Ohio, E.D.

July 10, 1990.

William H. Peoples, Westerville, Ohio, for debtor.

Frank M. Pees, Chapter 13 Trustee, Worthington, Ohio.

Stephen Santangelo, Columbus, Ohio, Attorney for UNIPAC.

US Attorney, Columbus, Ohio, Attorney for HEAL aka Student Loan Marketing Ass'n aka PAYCO–GAC.

## ORDER DENYING CONFIRMATION OF SECOND AMENDMENT TO CHAPTER 13 PLAN

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This cause came on for consideration of the Debtor's Second Amendment to Chapter 13 Plan and the Trustee's unfavorable recommendation.[1]

At the outset, the Court notes that the Second Amendment is incomplete in that it fails to specify the dividend to unsecured creditors. Of greater interest to the Court, however, is the provision for the payment of the student loans.

The Debtor's Plan states as follows:

The student loans of Debtor to Unipac Service Corp. and Student Loan Marketing Association (aka PAYCO–GAC) shall be modified and treated under the following terms and conditions;

(1) payment and interest on said loans shall be deferred during the pendency of the Debtor's Chapter 13 Plan;

(2) subsequent to the Chapter 13 Plan and starting on the first day of the month following completion of the Chapter 13 Plan and on the first day of each month subsequent thereto, payments shall be made by Debtor on the outstanding balance of the student loans based on a 25 year amortization of the balance with simple interest per annum of seven percent (7%).

Based on the language of the Plan, the Court can only surmise that this purportedly effects a modification of the existing loan agreement between the Debtor and creditors holding the student loan claims. However, there is no indication that the creditors have agreed to such a modification. Accordingly, it appears that the Debtor is attempting to modify the loan agreement, as well as to provide for suspension of payment of the claim until after completion of the Chapter 13 Plan. This is absolutely prohibited under the Bankruptcy Code.

Section 1322(b)(2) of the Bankruptcy Code provides that within the Chapter 13 Plan, a debtor may

(2) modify the rights of holders of secured claims, ... or of holders of unse-

---

1. The Court notes that the Amendment was filed untimely, which would be basis for dismissal of this case pursuant to Local Bankruptcy Rule C–3.18.18.

cured claims, or leave unaffected the rights of holders of any class of claims[.] The only provision for payment of claims outside of the Chapter 13 Plan is contained in § 1322(b)(5) of the Bankruptcy Code which provides that the Plan may

(5) ... provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due[.]

Thus, the Court is convinced that in the absence of an agreement with the creditor, the only options available to the Debtor are to modify the rights of holders of the student loan claims within the Plan, or cure any default under the existing agreement and maintain regular installment payments during the pendency of the case. Here, the Debtor purports to modify the agreement and then pay the claim outside of the Chapter 13 Plan. This provision is absolutely inconsistent with the provisions of Section 1322.

The Trustee has also raised issues of feasibility. This difficulty was raised in his previous recommendation filed on May 24, 1990. However, the Debtor has never attempted to resolve this issue by filing of an amended budget or other documents which could address the Trustee's concerns or be persuasive to the Court.

In light of the foregoing, it is

Ordered and Adjudged that confirmation of the Debtor's Chapter 13 Plan, as amended by the Second Amendment filed June 20, 1990, is denied. The Debtor shall have ten (10) days within which to file further amendments to the Plan, and such other documents as are necessary to place this case in a posture for confirmation. Failure to do so will result in dismissal of this case without further notice.

IT IS SO ORDERED.