**In re Jimmy R. SCOTT, SSN 441–40–4276, Donna Sue Scott, SSN 441–42–5152, Debtors.**

**Bankruptcy No. 90–70866.**

United States Bankruptcy Court, E.D. Oklahoma.

Dec. 3, 1990.

Robert Inglish, Okmulgee, Okl., for debtors.

Mark Farmer, Oklahoma City, Okl., for FDIC and First Fed. Savings & Loan of Chickasha.

## ORDER

JAMES E. RYAN, Chief Judge.

On this 3rd day of December, 1990, the Amended Chapter 13 Plan filed by the Debtors (Docket Entry No. 22), the Amended Objection to Confirmation of Debtors' Proposed Plan filed by Federal Deposit Insurance Corporation and First Federal Savings & Loan Association of Chickasha ("Objectors") (Docket Entry No. 23), Motion for Relief from Automatic Stay and Abandonment of Property, or Alternatively Seeking Adequate Protection and Brief in Support Thereof filed by the Objectors (Docket Entry No. 7), Stipulation of Issues (Docket Entry No. 26), Brief in Support of Motion for Relief and Objection to Plan filed by the Objectors (Docket Entry No. 27) and Debtors' Brief in Reference to Motion for Relief from Stay and Objection to Confirmation filed by Objectors (Docket Entry No. 28) came before this Court for consideration.

At the hearing to consider the confirmation of the Debtors' Chapter 13 Plan, several legal issues came to light which required further briefing by the parties. Therefore, pursuant to this Court's Order, Briefs were timely presented to the Court by the par-

ties along with Stipulations establishing the issues to be determined.

After review of the pleadings referenced hereinabove and the applicable law, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with B.R. 7052 in this core proceeding:

## STATEMENT OF ISSUES

The parties have stipulated that the following issues are in dispute and ripe for this Court's determination:

(1) Applicability of a Motion for Relief from the Automatic Stay pursuant to § 362(d), if any, in a Chapter 13 proceeding;

(2) Assuming § 362(d) is applicable: is the Debtors' farm land, which does not currently produce income, but which Debtors desire to retain and farm or rent at some future date, "necessary for effective reorganization?"

(3) Can a Chapter 13 Plan provide for payments to a secured creditor in excess of three (3) years [or with Court approval five (5) years] without curing the default and maintaining the payments required by the security instruments.

## FINDINGS OF FACT

1. On August 7, 1990, the Debtors herein filed a Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. Concurrently, the Debtors filed a Chapter 13 Plan which sought to treat the Objectors. The Plan proposes a term of thirty-six (36) months.

2. The property at issue is composed of two tracts; the first is comprised of forty (40) acres upon which First Federal Savings & Loan possesses a security interest with a mortgage thereon with a term of twenty-five (25) years. The Debtors propose to treat this creditor over eight (8) years in their Plan. The second tract consisting of some 120 acres is mortgaged to FDIC with a twenty-four and one-half (24½) year note. The Debtors' Chapter 13 Plan proposes to pay this obligation in eight (8) years. Neither of these tracts of land represents the Debtors' principal residence.

## CONCLUSIONS OF LAW

A. The initial issue presented by the parties is whether 11 U.S.C. § 362(d) is applicable in a Chapter 13 proceeding. This section provides that:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

█ The sole dispute between the parties pertains to the applicability of subsection (d)(2). The Debtors reason that in a Chapter 13 case, a determination as to whether a particular piece of property is necessary for the Debtors' reorganization is untenable and subjective. Further, Debtors have cited case law which stands for the proposition that since § 362(d)(2) refers to "reorganization" and Chapter 13 is in fact debt "adjustment," that this subsection is inapplicable to Chapter 13. We recognize this case law, but cannot agree with the result reached. First, Chapter 3 is clearly incorporated for use within Chapter 13. 11 U.S.C. § 103(a). Since there is no specific section under Chapter 13 which will narrow the general application of § 103(a), we must find that it was intended to be applicable in Chapter 13.

█ Additionally, contrary to the case law cited by the Debtors, the term "reorganization" is not necessarily a term of art restricting its application to Chapter 11, but rather may include any form of rehabilitation of a debtor's debt structure. *In re Garner,* 18 B.R. 369, 370–71 (D.C.S.D.N.Y.

1982). As a result, the term "necessary for an effective organization" utilized under § 362(d)(2) is applicable in a Chapter 13 proceeding. Although there is a split of authority in this matter, we find the more well reasoned and apparent majority supports the decision of this Court. See, for example, *In re Garner*, supra; *In the Matter of Miller*, 13 B.R. 110 (Bankr.S.D.Ind. 1981); *Grundy National Bank v. Stiltner*, 58 B.R. 593 (D.C.W.D.Va.1986); *In re Kehm*, 90 B.R. 117 (Bankr.E.D.Pa.1988).

■ B. Since we have found that § 362(d)(2) is in fact applicable in Chapter 13, the next issue is whether the particular facts of this case warrant the modification of the automatic stay in favor of the Objectors. A determination as to what is "necessary for an effective reorganization" inherently involves an intense factual analysis, requiring evidence as to the debtor's intent, the anticipated integration of the property at issue in the production of future income and the nature and extent of the property involved. As a result, this Court cannot at this time make a determination as to whether the property is indeed necessary for an effective rehabilitation or reorganization of the Debtors without the benefit of a future evidentiary hearing.

C. The final issue raised by the parties involves whether a secured creditor whose claim is modified by a debtor's Plan must be treated over the term of the Plan or may receive payment beyond the term of the Plan in satisfaction of the secured claim.

■ An analysis of the Bankruptcy Code in this area involves the interplay between two subsections of 11 U.S.C. § 1322. Clearly under Chapter 13, a Plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." 11 U.S.C. § 1322(b)(2). At the same time, a Plan may "notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5). Thus, a debtor is faced with two alternatives in treating a secured creditor. A debtor may either modify a secured claim in some fashion and treat that secured claim over the term of the Plan *or* cure any default or arrearage currently due and owing on an obligation over the term of the Plan, simultaneously satisfying the normal payment schedule prescribed under the original note and mortgage.

■ If the first option is taken by a debtor; that is, a secured claim is modified and treated under the Plan, it is subject to the term restriction of § 1322(c), which provides that "[T]he plan may not provide for payments over a period that is longer than 3 years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than 5 years." If the debtor were allowed to modify a secured claim and provide for the payment of the modified secured claim beyond the term of the Chapter 13 Plan, this would in essence obviate the clear term limitation found in the Bankruptcy Code and render § 1322(c) meaningless. *In re Mary B. Ramirez*, 62 B.R. 668, 670 (Bankr. S.D.Cal.1986); *Citizens Trust & Savings Bank v. Schafer*, 99 B.R. 352 (D.C.W.D. Mich.1989); *Grundy National Bank v. Johnson, et al.*, 106 B.R. 95 (D.C.W.D.Va. 1989). If a debtor desires to extend a creditor's payment beyond the term of the Plan, the only avenue available is to cure any default due under the Plan and resume the payments under the original mortgage. This does not incorporate the use of § 1322(b)(2) in any fashion.

■ In the instant case, the original obligation as to both Objectors meets the qualifications of § 1322(b)(5); that is, the last payment is due under the original obligation after the last payment is due under the proposed Chapter 13 Plan, and thus either § 1322(b)(2) or § 1322(b)(5) treatments are available to the Debtors. However, as the Plan is now written, the Debt-

ors propose to modify the secured claims of the Objectors while extending payments beyond the term of the Plan. This is not permissible under the reasoning of this Court and the supporting case law.

IT IS THEREFORE ORDERED that the confirmation of the Amended Chapter 13 Plan filed by the Debtors is hereby denied.

IT IS FURTHER ORDERED that the Debtors file a Second Amended Chapter 13 Plan no later than December 17, 1990 in compliance with the constraints of this Order. All Objections to the Second Amended Chapter 13 Plan shall be filed no later than December 27, 1990.

IT IS FURTHER ORDERED that a hearing to consider the confirmation of the Debtors' Second Amended Chapter 13 Plan and any Objections thereto shall be conducted on January 9, 1991 at 1:30 p.m.

IT IS FURTHER ORDERED that a preliminary hearing will be conducted to consider whether the real property at issue is "necessary for an effective reorganization" as referenced herein and thus a determination on the pending Motion for Relief from Automatic Stay and Abandonment of Property filed by FDIC and First Federal Savings & Loan Association of Chickasha (Docket Entry No. 7) and the Objection thereto filed by the Debtors (Docket Entry No. 14) on January 9, 1991 at 1:30 p.m.