**In re Ralph M. JAVARONE,**
**Debra Javarone, Debtors.**

**Bankruptcy No. 94–11868.**

United States Bankruptcy Court,
N.D. New York.

Feb. 13, 1995.

DeGraff, Foy, Holt–Harris, Mealey & Kunz, (Robert J. Rock, of counsel), Albany, NY, for debtor.

Wood, Holtzworth & Seward (James W. Holtzworth, of counsel), Gloversville, NY, for Nat. Bank and Trust Co.

Robert Littlefield, Chapter 13 Trustee, Albany, NY.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

This contested matter comes before the Court by way of an objection filed by National Bank and Trust Company ("NBT") to the Chapter 13 First Amended Plan proposed by Ralph M. Javarone and Debra Javarone ("Debtors") on August 29, 1994. Also before the Court is NBT's motion, dated September 20, 1994, for dismissal and for sanctions against Robert J. Rock, counsel for Debtors.

At a hearing held on October 3, 1994, the Honorable James Goodman, United States Bankruptcy Judge for the District of Maine, sitting by designation at Albany, New York, concluded that the matter should be transferred to the Chief Bankruptcy Judge for the Northern District of New York.[1] After a review of the matter, this Court, by letter dated December 1, 1994, afforded the parties an opportunity to submit memoranda of law on the discrete issue of whether Debtors' First Amended Plan is confirmable as a matter of law under Code §§ 1322(b)(2), (5), and

(c) and 1325(a)(5). The matter was submitted for decision on December 16, 1994.

### JURISDICTIONAL STATEMENT

The Court has core jurisdiction of this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(2)(L) and (O).

### FACTS

On May 20, 1994, Debtors commenced their joint Chapter 13 case pursuant to Code § 302. Debtors jointly own, among other assets, their principal residence located on Proper Road ("Proper Road") in Mayfield, New York and a commercial parcel located on Eighth Avenue ("Eighth Ave.") in Gloversville, New York. See Debtors' Petition Schedule "A". Debtors and NBT dispute the present value of Proper Road. Debtors value Proper Road at $110,000 and NBT values it at $87,000. The parties, however, agree that the present value of Eighth Ave. is $40,000.

NBT holds a first mortgage on Proper Road to secure repayment of a purchase money loan dated September 26, 1984 ("Proper Road loan"). NBT alleges that the original principal amount of the Proper Road loan was $56,000 and that at the date of Debtors' petition the unpaid balance was $52,350.59. See NBT's Motion for Relief From the Automatic Stay at ¶ 8.

A first mortgage on Eighth Ave. is held by City National Bank and Trust to secure a Note in the amount of $6,529.63. NBT also holds a second mortgage on Proper Road and a second mortgage on Eighth Ave. as security for a Note ("Eighth Ave. loan") in the original principal amount of $58,606.26. NBT alleges that Debtors owe $61,634.00 on the Eighth Ave. loan. See NBT's Reply Affidavit to Debtors' Opposition to Relief From the Automatic Stay at 2.

The Honorable Paul Lindsey, United States Bankruptcy Judge for the Western District of Oklahoma, previously sitting by designation at Albany, New York, denied confirmation of Debtors' original plan by Order dated August 22, 1994. Thereafter,

---

1. The within matter was transferred to this Court pursuant to Local Rule 7. See Local Bankruptcy Rules for the Northern District of New York effective April 15, 1989.

Debtors filed a First Amended Plan on August 29, 1994, to which NBT filed its current objections as well as a motion for dismissal and for sanctions against Debtors' counsel. At the October 3, 1994, confirmation hearing on Debtors' First Amended Plan, Judge Goodman concluded that because the Objection of NBT presented issues of first impression in this District, the Chief Bankruptcy Judge for the Northern District of New York should determine whether the First Amended Plan is confirmable.

The crux of Debtors' First Amended Plan, which mandates payments for a period of 36 months, is as follows: [2] Treatment of NBT's Proper Road loan: Debtors will make payments of $550 per month to the Trustee for the payment of all Code § 507 priority claims and the cure of all arrearages on NBT's Proper Road loan. Post–petition installments on the Proper Road loan will be made outside of the plan according to the original loan terms. Treatment of NBT's Eighth Ave. loan: Payments shall not be made on NBT's Eighth Ave. loan or on arrearages on the said loan until Eighth Ave. is sold. The proceeds from the sale of Eighth Ave. will be applied first to the balance then owing to City National Bank and Trust with the remainder to be applied to reduce the principal balance on NBT's second mortgage. The *cure* of arrearages on NBT's loans will be completed by December 8, 1995, pursuant to an Order of the Hon. Barry Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.[3] Debtors will *modify* the remaining balance on NBT's Eighth Ave. loan, then secured only by the second mortgage on Proper Road, by reducing the original 13 year term to a 10 year term at then current interest rates offered by NBT for 10 year collateral mortgages.

*ARGUMENTS*

Debtors argue that Code § 1322(b)(2) allows them to modify NBT's Eighth Ave. loan by reamortizing, over a ten year period, the payments remaining on the loan after the sale of Eighth Ave.. Debtors contend that such a modification does not run afoul of the requirement that the plan may not provide for payments over a period longer than three to five years. *See* Code § 1322(c). Debtors argue that just as Code § 1322(c) does not prohibit a payment stream which goes beyond the limits of the plan when debtors cure under Code § 1322(b)(5), the three to five year limit should not apply to payments pursuant to modification under Code § 1322(b)(2).

Debtors also argue that their treatment of NBT's Eighth Ave. loan is consistent with Code § 1325(a)(5). Debtors contend that the First Amended Plan satisfies the entire obligation owed to NBT, with interest, by allowing NBT to retain its second mortgage on Proper Road, applying proceeds from the sale of Eighth Ave. to NBT's Eighth Ave. loan, and continuing payments over ten years. As the conditions of Code § 1325(a) are met, the Court must confirm Debtors' First Amended Plan.

NBT argues that Code § 1322(c) does not permit plans to extend payments beyond five years for debts modified under Code § 1322(b)(2). Citing numerous cases as support, NBT contends that Debtors' proposal to reamortize NBT's Eighth Ave. loan over 10 years violates Code § 1322(c).

NBT also argues that Debtors' proposed modification of NBT's Eighth Ave. loan violates Code § 1325(a)(5). The property distributed under the First Amended Plan with respect to NBT's Eighth Ave. loan are the sale proceeds from Eighth Ave. The sale proceeds, however, are less than the allowed

---

**2.** Allegedly, on February 8, 1995, Debtors filed a Second Amended Plan with the Bankruptcy Court Clerk's Office in Albany, New York. Debtors' counsel alleges a material change in Debtors' circumstances which, in essence, enables them to pay NBT an additional $500 per month. In spite of the Second Amended Plan, the legal issues remain the same and this Memorandum–Decision is dispositive of the contested matter.

**3.** Following a preliminary hearing on NBT's motion for relief from the automatic stay, the parties agreed that all arrearages on the first and the second mortgages would be paid in full within 17 months from July 8, 1994 (i.e. December 8, 1995). If Debtors did not cure all arrearages, NBT would be granted relief from the automatic stay. Judge Schermer, also a visiting judge, entered an order, dated August 1, 1994, recapitulating the agreement.

amount of NBT's Eighth Ave. loan. As such, Debtors' proposed treatment of NBT's Eighth Ave. loan is impermissible under Code § 1325(a)(5).

NBT also requests that Debtors' case be dismissed with prejudice pursuant to Code § 1307(c)(1). NBT seeks sanctions against Debtors' counsel for proposing plans which "unreasonably and vexatiously multipl[ied] the proceedings in this case." *See* NBT's Motion for Dismissal and Sanctions at 1.

## DISCUSSION

### (A) Code § 1322(c)

■ Code § 1322(b)(2) allows debtors to modify the rights of a creditor whose security interest is in real property other than a debtor's principal residence. Debtors and NBT agree that the Eighth Ave. loan is not secured solely by Debtors' principal residence. Thus, the issue before the Court is whether Debtors' proposed modification of NBT's Eighth Ave. loan is permissible.

The open-textured language of Code § 1322 provides a debtor an opportunity to formulate a plan of debt adjustment to meet his or her specific needs. *See e.g.* Code § 1322(b) (using the prefatory language of "the plan may"). However, concerns for creditors' due process rights led Congress to adopt certain limitations. One such limitation is found in Code § 1322(c) which mandates that, "The plan *may not* provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years." [4] *See also* Code § 102(4) ("may not" is to be interpreted as prohibitive and not permissive) (emphasis added).

There are two exceptions to the mandate of Code § 1322(c). The first exception occurs when the creditor agrees to be paid over a period longer than three or five years. The second exception occurs when the debtor *cures* a default or arrearage during the plan and simultaneously complies with the normal payment schedule as prescribed under the original agreement with the creditor. *See* Code § 1322(b)(5); *see also In re Scott*, 121 B.R. 605, 608 (Bankr.E.D.Okl.1990).

Thus, Debtors are correct in pointing out that the language of Code § 1322(c) does not prohibit them from maintaining payments beyond the term of the plan when Debtors utilize the cure provision of Code § 1322(b)(5). Debtors argue that, "There is no logical reason to prohibit confirmation of a Chapter 13 Plan which calls for a stream of payments on an obligation modified pursuant to 1322(b)(2) when such a continuing stream of payments is permitted in the context of an obligation cured pursuant to 1322(b)(5)." *See* Debtors' December 16, 1994, Memorandum of Law at 5.

■ In rejecting Debtors' argument, this Court finds the reasoning of *In re Scott* and its progeny both logical and persuasive. The *Scott* court correctly pointed out that allowing debtors to both, modify a creditor's claim and to provide for the payment of the modified claim beyond the term of the plan, would render the mandate of Code § 1322(c) meaningless. *See In re Scott, supra,* 121 B.R. at 608 (citations omitted); *In re Molitor, supra,* 133 B.R. at 1023.[5] This Court has consistently held the proposition that, "In analyzing a statute, a court's interpretation should not result in words being rendered 'meaningless, redundant or superfluous.'" *See In re Mercy Hospital of Watertown*, Ch. 11 Case No. 90–02501, Adv. No. 93–70117A, slip op. at 10 (Bankr.N.D.N.Y.1994) (quoting *United States v. Franz,* 886 F.2d 973, 978 (7th Cir.1989)) (citations omitted). As such, the Court concludes that Code § 1322(c) requires that the repayment of any claim modi-

---

4. The Court notes that Code § 1322(c) also protects debtors from oppressive creditors anxious to extend repayment plans. *See In re Molitor,* 133 B.R. 1020, 1022 (Bankr.D.N.D.1991).

5. Debtors urge this Court to abandon case authority if the equities of a particular situation dictate that those authorities ought not to be followed. *See* Debtors' December 16, 1994, Memorandum of Law at 12–13. Although not bound by the cited authority, the Court is not permitted to disregard the interests the Code is designed to protect in the exercise of its equitable powers. *See Midlantic Nat. v. New Jersey Dept.,* 474 U.S. 494, 513, 106 S.Ct. 755, 766, 88 L.Ed.2d 859 (1986) (Rehnquist, J., with whom the Chief Justice, White, J., and O'Connor, J., join in dissent).

fied pursuant to Code § 1322(b)(2) must be completed within three years, unless the Court, for cause, approves a five year plan. *See In re Scott, supra,* 121 B.R. at 608; *In re Session,* 128 B.R. 147, 151 (Bankr.E.D.Tex. 1991); *In re Burke–Evanoff,* 116 B.R. 614, 614–15 (Bankr.S.D.Ohio 1990); *In re Schafer,* 99 B.R. 352, 354 (W.D.Mich.1989) (short-term secured obligation could not be modified beyond the five year life of plan).

**(B) Code § 1328(a)**

The Court notes that Code § 1328(a) provides debtors with a broad discharge for all debts provided for by the plan. Debtors are entitled to a Code § 1328(a) discharge "as soon as practicable after the completion by the debtor of all payments *under the plan* ..." (emphasis added). There are three exceptions to the required discharge. *See* Code § 1328(a)(1), (2) and (3). First, debts provided for under Code § 1322(b)(5) are not discharged. The second exception to discharge is for debts specified under Code § 523(a)(5), (8) and (9). The third exception is for a debt concerning restitution for a criminal offense.

Debtors' First Amended Plan provides for the modification of NBT's Eighth Ave. loan pursuant to Code § 1322(b)(2) and a stream of payments on NBT's loan lasting for ten years. Thus, Debtors' First Amended Plan *provides for* the Eighth Ave. loan, but the loan will not be satisfied until well after the last payment *under the plan.*[6] Arguably, Debtors would be entitled to discharge the payments remaining on NBT's Eighth Ave. loan after the last payment under the plan. The payments due after the plan would not be excepted from discharge as NBT's Eighth Ave. loan was *modified* pursuant to Code § 1322(b)(2) and not *cured* under Code § 1322(b)(5). *See* Code § 1328(a)(1). Such a result was neither intended by Congress nor would it be equitable. Therefore, the Court finds that Debtors' proposed Code § 1322(b)(2) modification of NBT's Eighth Ave. loan is impermissible.

**(C) Code § 1325(a)(5)**

■ Debtors' First Amended Plan also violates the express language of Code § 1325(a)(5). Debtors argue that, "There can be no question but that the value to be distributed on account of the claim of NBT is not less than the allowed amount of such claim." Debtors' December 16, 1994, Memorandum of Law at 9. Although Debtors' contention may be true, Code § 1325(a)(5)(B)(ii) requires that the value of the "property to be distributed *under the plan* on account of such claim is not less than the allowed amount of such claim ..." (emphasis added).

In the matter *sub judice,* Debtors propose to sell Eighth Ave. and with the proceeds pay a *portion* of NBT's Eighth Ave. loan *within the term of the plan.*[7] *See* First Amended Plan ¶ 2(b)(2)(iii) and (iv). Although NBT will only retain its second mortgage lien on Proper Road, the value of the property to be distributed *under the First Amended Plan* (i.e. proceeds from the sale of Eighth Ave.) is arguably less than the allowed secured amount of NBT's Eighth Ave. loan. Therefore, Debtors' First Amended Plan violates Code § 1325(a)(5). *See In re Barnes,* 32 F.3d 405, 407–08 (9th Cir.1994); *In re Legowski,* 167 B.R. 711, 715–16 (Bankr.D.Mass. 1994).

**(D) Sanctions and Dismissal**

■ The remaining issues before the Court are whether Debtors' counsel engaged in sanctionable conduct pursuant to Federal Rules of Bankruptcy Procedure ("Fed. R.Bankr.P.") 9011(a) or 28 U.S.C. § 1927 and whether Debtors' Chapter 13 case should be dismissed with prejudice pursuant to Code § 1307(c)(1). Sanctions are appropriate when counsel cause unnecessary delay or

---

**6.** The Supreme Court in *Rake v. Wade,* —— U.S. ——, ——, 113 S.Ct. 2187, 2192, 124 L.Ed.2d 424 (1993), stated that the term 'provide for by the plan' is to be given its natural reading of 'make a provision for' or 'stipulates to'. In the instant case, Debtors' First Amended Plan 'makes a provision for' NBT's Eighth Ave. loan, namely, a portion of the loan is satisfied within the plan.

**7.** Debtors do not specify the amount of NBT's claim to be paid within the First Amended Plan because Debtors have been unable to procure a purchaser for Eighth Ave.

needless increase in the cost of the administration of the case. *See* Fed.R.Bankr.P. 9011 Advisory Committee Note to 1991 amendment; *see also Oliveri v. Thompson,* 803 F.2d 1265, 1272 (2d.Cir.1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987) (examining whether sanctions are warranted pursuant to 28 U.S.C. § 1927). Although Debtors were unsuccessful in proposing a confirmable plan, this Court cannot find that Debtors advanced unreasonable arguments to extend, modify, or reverse the law as it stands. *See Matter of Cohoes Indus. Terminal, Inc.,* 931 F.2d 222, 227 (2d Cir. 1991). Therefore, the Court rejects NBT's request for sanctions under Fed.R.Bankr.P. 9011(a) and 28 U.S.C. § 1927.

■ NBT also requests that Debtors' Chapter 13 case be dismissed with prejudice. NBT alleges that Debtors' illicit modification proposals and Debtors' monthly payment proposals, which make the goals stated in each of Debtors' plans an impossible accomplishment, are cause for dismissal.

■ Although sympathetic to NBT's request, the Court will not dismiss Debtors' Chapter 13 case with prejudice at this juncture. A dismissal with prejudice is draconian relief reserved for circumstances where there is a clear record of 'delay and contumacious conduct' by the debtor. *See In re Martin-Trigona,* 35 B.R. 596, 601 (Bankr.S.D.N.Y. 1983) (quoting *Durham v. Florida East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir.1967)); *see also* Code § 349(a) (dismissal with prejudice requires showing of 'cause'). The Court finds that Debtors' proposed modification, although impermissible, was not filed to unreasonably delay and prejudice creditors.

The Court denies confirmation of Debtors' First Amended Plan, and by implication the Second Amended Plan, as a matter of law. The Court has made no determination as to whether Debtors will be able to make all payments under the proposed plans and to comply with the plans. *See* Code § 1325(a)(6). Because of Debtors' increased income and offer to provide NBT an additional $500 per month, the Court affords Debtors twenty (20) days to file and notice for confirmation a third amended plan.

For the reasons set forth herein, it is

ORDERED that Debtors' Chapter 13 First Amended Plan dated August 29, 1994, is denied confirmation; it is further

ORDERED that NBT's motion for sanctions pursuant to Fed.R.Bankr.P. 9011(a) and 28 U.S.C. 1927 is denied; it is further

ORDERED that NBT's motion to dismiss with prejudice pursuant to Code § 1307(c)(1) is denied; and it is further

ORDERED that Debtors shall, within twenty (20) days from the date of entry of this Order, file and notice for confirmation a third amended plan with the Bankruptcy Court Clerk's office in Albany, New York and it is finally,

ORDERED that in the event Debtors shall fail to comply with this Order, NBT shall submit to this Court an ex parte order dismissing this case and invoking the sanction imposed pursuant to Code § 109(g)(1).