**In re Gussie Naomi BABBS, Debtor.**

**No. 96 B 40872(CB).**

United States Bankruptcy Court,
S.D. New York.

July 16, 2001.

DC 37 Municipal Employees Legal Services Plan, New York City, by Sheldon Barasch, Carl Jay Nathanson, Robert Garner, of counsel, for Gussie Naomi Babbs.

Gutman, Mintz, Baker & Sonnefeld, P.C., New Hyde Park, New York, by Franklin J. Gutman, for St. Phillips on the Park HDFC.

## DECISION REGARDING ADMINISTRATIVE EXPENSE PRIORITY FOR RESIDENTIAL RENT

CORNELIUS BLACKSHEAR, Bankruptcy Judge.

St. Phillips on the Park HDFC, ("St. Phillips"), herein seeks an order from this Court finding residential rental arrears, which accrued post-petition and pre-conversion to Chapter 7, be allowed as an administrative expense priority and thus, be exempt from discharge in the converted case of Gussie Naomi Babbs, ("Babbs" or "Debtor").

*Statement of Facts*

The relevant facts for this matter are simply stated. On February 20, 1986, Babbs filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code"). Confirmation took place on August 19, 1996. The case was then voluntarily converted to one under Chapter 7 on June 3, 1997. On November 9, 1997, the case was closed and a full discharge granted.

Babbs was in arrears with St. Phillips, her landlord, at the time of the original Chapter 13 filing. When Babbs failed to

meet her post-confirmation rental obligations, St. Phillips made a motion to lift the automatic stay, which was granted by this Court on May 22, 1997. St. Phillips then filed a Notice of Presentment for June 6, 1997 for an order granting the automatic stay relief as directed by the Court. Three days prior to the Presentment Date, Babbs converted the case to Chapter 7. It is undisputed that Babbs incurred post-Chapter 13 petition, pre-conversion rental arrears of $11,135.00.

The Chapter 7 case was closed on November 3, 1997 and Babbs amended her Chapter 7 petition to include the post-Chapter 13 petition, pre-conversion residential rental arrears pursuant to § 348(d) of the Bankruptcy Code.

### Procedural History

St. Phillips filed the subject Notice of Motion dated November 20, 1997 to reopen this case for clarification of whether the discharge includes post-Chapter 13 petition, pre-conversion rental arrears. St. Phillips asserts that post-petition, pre-conversion rental payments for residential property should be classified as administrative expenses as defined in 11 U.S.C. § 503(b)(1)(a) and therefore be exempted from the treatment of post-petition debts under 11 U.S.C. § 348(d). The issue before this Court is whether a debtor can discharge post-petition, pre-conversion rental arrears arising from a residential lease when converting from a Chapter 13 bankruptcy case to a Chapter 7.

### Discussion

■ The Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding consistent with 28 U.S.C. § 157(b)(2).

■ The effects of converting a bankruptcy case from one chapter to another are governed by 11 U.S.C. § 348 of the Bankruptcy Code. According to § 348(d), when a case is converted from a Chapter 11 or 13 to a Chapter 7, all debts arising after the date of the original filing of the petition, but before the date of conversion, are treated as pre-petition debts, thus becoming subject to discharge under § 727(b), along with actual pre-petition debts. The only exceptions to § 348(d) are claims given administrative expense priority under § 503(b).

■ Administrative expenses are "the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). Though courts have discretion in deciding which debts to allow as administrative expenses, there are two pre-conditions which must be met. First, the debts must arise from a post-petition transaction with the estate. Second, the goods or services giving rise to the debts must benefit the estate in some demonstrable way. *See, e.g., Trustees of the Amalgamated Ins. Fund v. McFarlin's, Inc.,* 789 F.2d 98, 101 (2d Cir.1986); *In re the Lamparter Organization, Inc.,* 207 B.R. 48 (E.D.N.Y.1997).

■ Administrative expense priority induces creditors to continue relations with the bankrupt estate, thereby assisting the rehabilitative effort as a whole. In return for doing business with a bankrupt estate, post-petition creditors are assured that they will be paid ahead of pre-petition creditors if the rehabilitation fails and a liquidation ensues. *In re Klein Sleep,* 78 F.3d 18 (2d Cir.1996). Then, if prompt payment is not forthcoming, post petition creditors can reduce further costs by terminating their relationship with the debtor and still be confident of compensation for past debts through administrative expense priority. *In re Telesphere Communications, Inc.,* 148 B.R. 525, 529 (Bankr. N.D.Ill.1992).

Unlike other creditors, both residential and nonresidential lessors are in an unusually vulnerable position, subject to becoming "involuntary extender[s] of unsecured credit" during the post-petition, pre-rejection period. *In re Telesphere Communications, Inc.,* at 529. Once a bankruptcy petition is filed, the debtor remains in possession of the premises and is granted time to reject or assume the lease in question. Meanwhile, the automatic stay forestalls both residential and nonresidential lessors from seeking relief for debts outstanding at the time of filing. Furthermore, both types of lessors must continue to comply with the terms of the lease throughout the post-petition, pre-rejection period, even though compensation is not assured and mounting costs, such as mortgage, tax, maintenance, insurance and other obligations, may continue to accrue. *In re New Almacs, Inc.,* 196 B.R. 244, 248 (Bankr.N.D.N.Y.1996).

The unique position of the nonresidential lessor during the post-petition, pre-rejection period is recognized and addressed by 11 U.S.C. § 365(d)(3) and reinforced through case law. As a landlord is compelled to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." *In re Pudgie's Dev. of NY, Inc.,* 202 B.R. 832, 836 (Bankr.S.D.N.Y.1996). By explicitly calling for timely payment of all nonresidential lease obligations, § 365(d)(3) protects these lessors from the specter of ever increasing losses during the post-petition, pre-rejection period. In *In re Pudgie's,* the Bankruptcy Court of the Southern District of New York strictly construed § 365(d)(3) to hold that nonresidential lessors were entitled to immediate payment of post-petition, pre-rejection rent at the full rate expressed in the lease, rather than limiting rent to actual use or actual benefit. Administrative expense

priority was granted even though the premises were abandoned because the debtor maintained the assignable right to occupy, forcing the lessor to continue to comply with the lease until possession of the abandoned premises were relinquished. Though both the Code and case law explicitly pertain to expressly nonresidential lessors, this Court find the above reasoning equally persuasive when applied to a residential lessor.

In addition, conversion to Chapter 7 has vastly differing results for residential rent is allowed administrative expense priority. When a Chapter 11 is converted to a Chapter 7, post-petition nonresidential rent is granted administrative expenses priority. *In re the Lamparter Organization, Inc.,* 207 B.R. 48 (E.D.N.Y.1997). Thus, the nonresidential lessor is rewarded for continuing to do business with debtors by being compensated before unsecured creditors.

In contrast, § 348(d) treats post-petition debts as arising pre-petition when a Chapter 13 is converted to a Chapter 7. Rather than being rewarded or encouraged to continue relations with the debtor, the residential lessor could face discharge, leaving him without compensation for several months of rental arrears. This Court finds that the residential or nonresidential status of the premises is irrelevant to satisfying the two preconditions of allowable administrative expenses. Both types of leases provide similar benefits to the estate and pertain to the same post-petition time period. In addition, as the risks facing either type of lessor are similar and the credit extended covers a similar length of time, the policy reasons for granting administrative expense priority to post-petition creditors apply equally to residential lessors and nonresidential lessors.

In summation, this Court holds that residential rental arrears merit administrative expense priority and cannot be discharged when a case is converted from a Chapter 13 to a Chapter 7. To hold otherwise would leave no avenue for equitable relief for creditors such as St. Phillips. St. Phillips is prevented from taking action until the automatic stay is lifted, yet on the eve of its lifting, conversion and § 348(d) caused those post-petition arrears to be discharged.

■ There is no merit to Debtor's argument that there cannot be a administrative expenses if there is no distribution. Distribution concerns the payment of debts upon liquidation and lack of distribution affects only the ability to pay a debt rather than the existence of one. 11 U.S.C. § 726. Administrative expenses concern the existence and priority of debts and can exist whether or not the debtor has the present ability to pay for them. 4 *Collier on Bankruptcy*, p. 503.03 (15th Ed.1986).

### Conclusion

Based upon the foregoing reasoning, this Court holds that the Debtor cannot escape liability for post-petition, pre-conversion rental arrears arising from a residential lease when a Chapter 13 bankruptcy is converted to a Chapter 7 because such rental arrears merit administrative expense priority as outlined in § 503(b) and, pursuant to § 365(d)(1)(A), is exempt from discharge. St. Phillips is to settle an order consistent with this decision on five (5) days notice.