**In re Tony Steven FREEMAN, Debtor.**

No. 02–63437.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Nov. 19, 2002.

G. Russell Boleman, III, Mark C. Leffler, Boleman Law Firm, P.C., Richmond, VA, for debtor.

James R. Sheeran, Chesapeake, VA, Brett Alexander Zwerdling, Zwerdling and Oppleman, Richmond, VA, for creditors.

## MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held on October 9, 2002, on motion by Hunter Woods, LLC, for administrative expense priority for past due rent payments pursuant to 11 U.S.C. § 503. The chapter 13 trustee made an oral objection to the motion and asserted that § 503 does not cover post-petition residential rental arrears. The motion will be denied.

### Findings of Fact.

Debtor entered into a lease agreement with movant for the rental of 7214 Walking Horse Drive, Mechanicsville, Virginia from August 25, 2001, to July 31, 2002. The terms of the lease required debtor to make rental payments by the first of each month in the amount of $800.00. A late fee of $60.00 would be charged if payment was received after the sixth of the month. The property was to be used as debtor's primary residence.

Debtor filed a voluntary petition for bankruptcy under chapter 13 on April 20, 2002. He continues to occupy the property as a holdover tenant. Debtor has failed to pay post-petition rent for May through July 2002. Movant claims that post-petition fees and costs, including damage to the property total $4,430.32. In addition, movant claims rental damages for August 2002 in the amount of $800.00 and costs of $60.00. The total due for outstanding rent is $3,200.00; the total claimed for damage to the property and late fees is $2,090.32. The total requested to be paid as an administrative expense is $5,290.32.

### Discussion and Conclusions of Law.

■ Section 503(b) of the Bankruptcy Code provides for payment of certain expenses under an administrative priority. Such claims are defined as "the actual, necessary costs and expenses of preserving the estate ...." 11 U.S.C. § 503(b)(1)(A). Once given administrative expense priority, the claims may then be paid ahead of all other unsecured claimants. Under § 507(a), the listed "expenses and claims have priority in the following order: (1) First, administrative expenses allowed under section 503(b) of this title ...." *Id.* at § 507(a)(1). The remainder of § 507(a) details the priority in which all other unsecured claims will be paid. *Id.* at § 507(a)(2)—(8).

■ The administrative priority defeats the presumption in bankruptcy cases that the debtor's estate "will be equally distributed among creditors." *Devan v. Simon DeBartolo Group, L.P. (In re Merry-Go-Round Enters., Inc.),* 180 F.3d 149, 157 (4th Cir.1999); *see, e.g., Tidewater Fin. Co. v. Henson,* 272 B.R. 135, 137–38 (D.Md.2002). For a claim to qualify as an actual and necessary expense two elements must be present. First, the debt "must arise from a post-petition transaction with the estate. Second, the goods or services giving rise to the debts must benefit the estate in some demonstrable way." *In re Babbs,* 265 B.R. 35, 37 (Bankr.S.D.N.Y. 2001); *see also In re Merry-Go-Round,* 180 F.3d at 157; *Tidewater Fin. Co.,* 272 B.R. at 138. The determination of whether

the expense is actual and necessary must be made "with scrupulous care." *In re Merry–Go–Round*, 180 F.3d at 157. The burden of proving these elements is on the creditor. *Id.*

██ In the present case the movant is the lessor in a residential lease agreement with debtor executed on August 24, 2001, and set to expire on July 31, 2002. Debtor has failed to make rental payments for the months May through August 2002, and movant claims that those payments are entitled to administrative expense priority. It is not disputed that all of the rental damages accrued post-petition. The court must now determine whether the residence conferred some demonstrable benefit to the bankruptcy estate.[1]

### *Benefit to the Estate*

██ There is no case law in this circuit allowing chapter 13 administrative expense priority for rental payments in residential leases. This issue has generally risen in the context of non-residential leases in chapter 11 reorganization (business) cases. The majority view, and the view of this circuit, is that the future rents under an assumed executory non-residential lease are entitled to administrative expense priority. *Id.* at 156. The reason administrative expenses are awarded to the creditor "is to encourage and reward creditors who do business with an entity after it becomes insolvent." *Tidewater Fin. Co.*, 272 B.R. at 139. In chapter 11 cases, this is a clear and demonstrable

benefit to the reorganization efforts of the debtor.

### *Standard under 11 U.S.C. § 362(d)*

██ For guidance as to the issue of the necessity of the debtor's residence to the administration of his chapter 13 case, the court will look to cases applying 11 U.S.C. § 362(d)(2)(B), which authorizes the court to grant a creditor relief from the automatic stay as to any property that "is not necessary to an effective reorganization" of debtor's bankruptcy estate.[2] Property necessary to the effective reorganization of a debtor's estate is analogous to property that confers some demonstrable benefit to the estate.

██ Finding whether property is necessary to an effective reorganization requires a showing by a debtor of (1) his or her intent, (2) "the anticipated integration of the property at issue in the production of future income" and (3) "the nature and extent of the property involved." *In re Scott*, 121 B.R. 605, 608 (Bankr.E.D.Okla. 1990).

██ Debtor has made no showing of his intent to use the property as part of his reorganization efforts. Further, there is no evidence of any effect the property will have on future income of the debtor. Finally, the extent to which the property will be involved in the reorganization is not clear. Debtor cannot show that this property was necessary to an effective reorganization. In fact, movant sought relief

---

1. Movant has claimed physical damage to the property as well as rental damages. The court will only consider whether rental damages are actual and necessary expenses. Physical damage to the property is not appropriate for an award of administrative expense priority. If the court were to award administrative priority to movant the award would be limited to $3,200.00, the amount of rental damages.

2. A majority of courts have ruled that the term "reorganization" does not limit the applicability of § 362(d)(2) to chapter 11 cases. *In re Scott*, 121 B.R. 605, 607 (Bankr. E.D.Okla.1990); *Grundy Nat'l Bank v. Stiltner*, 58 B.R. 593, 595 (W.D.Va.1986); *Dale Funding Corp. v. Garner (In re Garner)*, 18 B.R. 369, 370 (S.D.N.Y.1982).

from stay against debtor on July 31, 2002. Debtor offered no defense and the motion was granted at hearing on September 4, 2002, which supports the finding today that the property was not needed for his reorganization. Debtor's failure to offer any resistance to the motion for relief from stay weakens movant's contention that the property was necessary or beneficial to the estate.

There are a number of cases supporting the view that a chapter 13 debtor who makes use of secured collateral post-petition that confers an actual benefit on the estate will be required to pay the secured creditor for such use as an administrative expense. *See Ford Motor Credit Co. v. Dobbins,* 35 F.3d 860, 867 (4th Cir.1994) (stating "that a § 503(b) administrative expense can be created by a debtor's post-petition use of collateral," against the creditor's wishes, which the debtor has also used pre-petition); *Grundy Nat'l Bank v. Rife,* 876 F.2d 361 (4th Cir.1989) (allowing administrative expense priority where debtor's use of two automobiles was essential to the reorganization of his business); *Tidewater Fin. Co.,* 272 B.R at 139 (finding that debtors' use of creditor's collateral was not essential to operate debtors' business or to make a profit for the estates; administrative expense priority denied because use was only for debtors' personal purposes). The court in *Dobbins* also noted that a "critical distinction" had to be made between a debtor's "actual postpetition use of collateral and a potential benefit to the estate resulting from a debtor's mere possession of collateral." *Dobbins,* 35 F.3d at 867.

In the Fourth Circuit, this rule and the rationale behind it have not been extended to apply to lessors of residential property in chapter 13 cases. Rulings awarding administrative expenses have dealt with use of a secured party's collateral for the debtor's actual benefit.

This court has found only one case allowing administrative expense to a landlord of residential property seeking to collect rental arrears from a debtor. The Bankruptcy Court for the Southern District of New York has ruled that although "both the Code and case law explicitly pertain to expressly nonresidential lessors, this Court find[s] the above reasoning equally persuasive when applied to a residential lessor." *In re Babbs,* 265 B.R. 35, 38 (Bankr.S.D.N.Y.2001).

This court declines to follow the reasoning of *Babbs* and finds no basis in the present case to award administrative expense priority for post-petition rental arrears under a pre-petition residential lease. Further, movant has made no showing to support its argument that this case is analogous to *Grundy,* in which debtor could not escape liability for use of secured collateral that conferred an actual benefit on the estate. Movant is not a secured creditor and has not shown that debtor's estate received an actual benefit by debtor continuing to reside on the subject rental property. Accordingly,

**IT IS ORDERED,** that the motion by Hunter Woods, LLC, for administrative expense priority of post-petition residential rental arrears pursuant to 11 U.S.C. § 503(b) is **DENIED.**