**In re Eric MANDEL, Debtor.**

**No. 04–18540–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Jan. 12, 2005.

Michael Frank, Miami, FL, for debtor.

John C. Shawde, Steel Hector & Davis, Miami, FL, for creditor.

## ORDER GRANTING MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE RENT CLAIM TO PROPERTIES OF HAMILTON, INC.

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER came before the Court for hearing on Tuesday, November 30, 2004 at 1:30 pm upon the Motion for Allowance and Payment of Administrative Rent Claim ("the Motion") filed by Properties of Hamilton, Inc. ("Hamilton"), landlord and creditor. Hamilton seeks the award and payment of an administrative expense claim for the unpaid post-petition monthly rent due to Hamilton from the Debtor pursuant to a written residential lease agreement between the Debtor and Hamilton. The Debtor opposes the relief requested in the Motion and argues that Hamilton is entitled to an unsecured claim for the unpaid post-petition rent. For the reasons set forth below, the Court grants the Motion.

The facts are not in dispute. The Debtor filed his Chapter 13 petition ("the Petition") on September 9, 2004. Prior to the filing of the Petition, the Debtor entered into a written residential lease agreement ("the Lease") with Hamilton, the landlord, for an apartment located at Unit 1905, 555 NE 34th Street, Miami, Florida ("the Apartment"). The Lease required the Debtor to pay monthly rent of $1,690 plus other amounts set forth in the Lease, on

the first day of each month. The term of the Lease expired on December 31, 2004. At the time of the filing of the Petition, the Debtor was occupying the Apartment, but has likely vacated the Apartment as of the date of this order.

The Debtor made no rental payment to Hamilton for the pre-petition month of August of 2004. In addition, the Debtor has not made any payment to Hamilton after the filing of the Petition. For the post-petition period from the date of the Petition through December 1, 2004, the amount due to Hamilton under the Lease is $6,115.00. The Debtor filed a Chapter 13 plan, but the plan made no mention of the Lease, including whether the Debtor intended to reject or assume the Lease or how the Debtor intended to classify and pay any claim that Hamilton might have against the estate resulting from the unpaid pre-petition and post-petition rent. In addition to filing the Motion, Hamilton filed an objection to the Debtor's plan.

On Schedule I of the Debtor's schedules, the Debtor described his occupation as "frame sales" and further described himself as "self-employed". Under the category denoted as "address of employer", the Debtor lists "555 NE 34th Street, # 1905, Miami, FL 33137" which is the address of his apartment under the Lease. Thus, during the post-petition time period when the Debtor was occupying the Apartment but not paying rent to Hamilton, the Debtor was self-employed and working out of the Apartment generating income from "frame sales." On Schedule I, the Debtor lists his combined monthly income as $5,000.00. On Schedule J, in addition to other monthly expenses, the Debtor lists his monthly rental obligation as only $500.

At the hearing on the Motion, Hamilton argued that it is entitled to an administrative expense claim for the post-petition unpaid rent pursuant to section 503(b)(1) of the Bankruptcy Code. The Debtor responded by stating that he was immediately rejecting the Lease, and argued that Hamilton was not entitled to an administrative expense claim for amounts due prior to the rejection because the Lease provided no benefit to the estate. The Debtor argued that since it was rejecting the Lease effective immediately, at best Hamilton had an unsecured claim that would be paid out pursuant to the Debtor's Chapter 13 plan.

Section 503(b)(1)(A) of the Bankruptcy Code provides that allowed administrative expenses include "the actual, necessary costs and expenses of preserving the estate..." The Eleventh Circuit has held in *In re Subscription Television of Greater Atlanta*, 789 F.2d 1530 (11th Cir. 1986) that there must be an actual, concrete benefit to the estate before a claim is allowed as an administrative expense. The claims enumerated in section 503(b), which qualify as administrative expenses, are not the only claims that are entitled to administrative priority. *Varsity Carpet Services, Inc. v. Richardson*, 19 F.3d 1371, 1377 (11th Cir.1994).

In the instant case, the Debtor's post-petition occupation of the Apartment has conferred an actual, concrete benefit upon the estate because the Debtor was self employed, using the Apartment in his business to generate income to pay the creditors of the estate. Section 1306(a)(1) expressly provides that property of the estate includes property that the debtor acquires after the commencement of the case including earnings from services performed by the debtor after the commencement of the case. *See In re Babbs*, 265 B.R. 35 (Bankr.S.D.N.Y.2001); *In re Williamson*, 1997 WL 33474939 (Bankr. S.D.Ga.1997).

■ The Debtor points out that he had until plan confirmation to assume or reject the Lease under section 365(d)(2), and that the obligation of a trustee to "timely perform all obligations" post-petition under section 365(d)(3) only applies to non-residential leases. The Debtor argues that Congress did not intend to impose upon a Chapter 13 debtor an obligation to timely pay post-petition rent under a residential lease, and that the landlord of a residential lease therefore cannot be awarded an administrative claim for any post-petition rent obligations. However, the Debtor has failed to cite any authority to support his contention, and the Court does not agree that such was the intention of Congress. Section 365(d)(3) states that the trustee is obligated to perform post-petition on a non-residential lease *"notwithstanding section 503(b)(1) of this title."* The fact that Congress inserted this language leads the Court to believe that, in a non-residential context, the landlord need not necessarily have to show an actual benefit to the estate to be entitled to an administrative claim for post-petition rent. On the other hand, in a residential lease context, the landlord will be entitled to an administrative claim under section 503(b)(1) if the landlord can prove a benefit to the estate.

Thus, there is no inconsistency between the provisions of section 503(b)(1) and section 365(d)(3). The Court therefore rejects the Debtor's contention that the absence of any reference to a residential lease in section 365(d)(3) means that a landlord of a residential lease cannot ever be awarded an administrative rent claim for post-petition rent. If the landlord can prove, as has been shown in the instant case, a concrete benefit to the estate, then the landlord of a residential lease may be granted an administrative claim.

Based upon the foregoing, it is

**ORDERED AND ADJDUGED** that the Motion for Allowance and Payment of Administrative Rent Claim filed by Properties of Hamilton, Inc. is GRANTED and Hamilton is entitled to an administrative expense claim in the amount of $6,115.00 which represents the amount due to Hamilton under the Lease since the date of the filing of the Petition.